■ CAROL FREEDMAN et al., Respondents-Appellants, v CITY OF NEW ROCHELLE, Appellant-Respondent. [711 NYS2d 904] —In consolidated actions to recover damages for injury to property and for injunctive relief to alleviate flooding conditions, the defendant appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Westchester County (Colabella, J.), entered January 6, 1999, as denied its motion pursuant to CPLR 4404 to set aside a jury verdict awarding damages to the plaintiffs Carol Freedman and Paul Freedman in the sum of $90,068, and awarding damages to the plaintiffs Evelyn Salter and Barry Salter in the sum of $57,406, and (2) a judgment of the same court, dated February 22, 1999, as made upon the order, and the plaintiffs cross-appeal, as limited by their brief, from stated portions of the same judgment which, *inter alia,* specified the interest due on the plaintiffs' respective awards.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an amended judgment in accordance herewith, and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Since the case was tried on the theory of negligent maintenance and not a theory of negligent design, the defendant's contention that it cannot be held liable for its failure to install a drainage system which adequately disposes of surface waters is irrelevant. Contrary to the defendant's contention, the jury verdict was based upon a fair interpretation of the evidence (*see, Nicastro v Park,* 113 AD2d 129).

The Supreme Court properly directed a verdict in favor of the defendant on the cause of action alleging a nuisance, as there was no rational basis upon which the jury could have found in the plaintiffs' favor (*see, Rhabb v New York City Hous. Auth.,* 41 NY2d 200, 202).

The Clerk made a mathematical error in the calculation of the interest due on the plaintiffs' awards for property damage. Accordingly, pursuant to CPLR 5019 (a), we remit the matter to the Supreme Court for the entry of an amended judgment providing for a recalculation of the interest due on the plaintiffs' awards (*see, Kiker v Nassau County,* 85 NY2d 879).

The parties' remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Joy, McGinity and Feuerstein, JJ., concur.