YELENA CHERNYSHEVA, Appellant, v LAWRENCE PINCHUCK et al., Respondents. [871 NYS2d 621]—

The plaintiff sought leave to renew her opposition to the defendants' prior motions for summary judgment, which had been granted in an order of the Supreme Court, Kings County, dated March 20, 2007. In opposition to the defendants' respective prima facie showings of entitlement to judgment as a matter of law, the plaintiff did not raise a triable issue of fact. In support of her motion for leave to renew, the plaintiff's counsel provided affirmed medical reports evidencing that the plaintiff received epidural injections on December 6, 2006, December 20, 2006, and January 3, 2007, due to her alleged lumbar spine injuries. The injections occurred after the deadline had passed for the plaintiff to submit opposition to the defendants' respective motions for summary judgment. The plaintiff's counsel also argued that after opposition was due on the motions, a medical determination was made that the plaintiff required surgery to her wrist and/or elbow, and that during an office visit to an orthopedist on January 4, 2007 the plaintiff decided to undergo the surgery on a future date. For the reasons set forth below,

the Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to renew.

A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]; *Dinten-Quiros v Brown*, 49 AD3d 588 [2008]; *Madison v Tahir*, 45 AD3d 744 [2007]).

In support of her motion for leave to renew, the plaintiff relied upon evidence that, while generated after the summary judgment motions were fully submitted, contained no "new facts" that would change the prior determination awarding summary judgment to the defendants. In her affidavit submitted in opposition to the defendants' respective motions for summary judgment, the plaintiff mentioned that she was scheduled for epidural steroid injections. Moreover, contrary to the affirmation of the plaintiff's counsel in support of her motion for leave to renew, the plaintiff's most recent medical records failed to establish that any medical determination had been made that the plaintiff required wrist or elbow surgery or that she had decided to undergo such surgery. Instead, they indicate that the plaintiff was merely "considering" surgery and that future surgical intervention was "possible," neither of which would have changed the prior determination. Accordingly, the plaintiff's motion for leave to renew was properly denied.

The plaintiff's remaining contentions are without merit. Skelos, J.P., Dillon, Carni and Leventhal, JJ., concur.