■ UTILITY AUDIT GROUP, Respondent-Appellant, and JOHN L. O'KELLY, Respondent, v APPLE MAC & R CORP., Also Known as APPLE MAC & R. INC., Doing Business as MACMENAMIN's PUB, et al., Appellants-Respondents. [874 NYS2d 525]—

In an action, inter alia, to recover damages for breach of contract, to recover on an account stated, and to recover in quantum meruit for services rendered, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated April 9, 2007, as denied their motion for summary judgment dismissing the first, second, and seventh causes of action and, upon searching the record, awarded summary judgment to the plaintiff John L. O'Kelly on the seventh cause of action, and the plaintiff Utility Audit Group cross-appeals from so much of the same order as denied its cross motion for summary judgment on the second cause of action.

Ordered that the defendants' appeal from so much of the order as denied their motion for summary judgment dismissing the first, second, and seventh causes of action is dismissed, without costs or disbursements; and it is further,

Ordered that the cross appeal is dismissed, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

As a general rule, we do not consider an issue on a subsequent appeal that was raised, or could have been raised, in an earlier appeal that was dismissed for lack of prosecution (*see Rubeo v National Grange Mut. Ins. Co.,* 93 NY2d 750 [1999]; *Bray v Cox,* 38 NY2d 350 [1976]). The plaintiff Utility Audit Group (hereinafter UAG) appealed, and the defendants cross-appealed, from an order dated August 30, 2005, which, inter alia, denied that branch of UAG's motion which was for summary judgment on the second cause of action to recover on an account stated, and granted those branches of the motion which were for summary judgment on the first cause of action alleging breach of contract and the seventh cause of action sounding in quantum meruit. In a decision and order on motion dated July 17, 2006, this Court dismissed those appeals for failure to prosecute. We decline to exercise our discretion to determine the merits of the present appeal and cross appeal to the extent that they raise issues that could have been raised on the appeal and cross appeal from the prior order that were dismissed for lack of prosecution (*see Associates Home Equity Servs., Inc. v Gambella,* 40 AD3d 896 [2007]).

As for the defendants' appeal from so much of the order as, upon searching the record, awarded summary judgment to the plaintiff John L. O'Kelly on the seventh cause of action sounding in quantum meruit, the Supreme Court properly exercised its authority pursuant to CPLR 3212 (b) in searching the record and awarding summary judgment to a nonmoving party with respect to an issue that was the subject of the motion before the court (*see Dunham v Hilco Constr. Co.,* 89 NY2d 425, 429-430 [1996]; *Federal Natl. Mtge. Assn. v Katz,* 33 AD3d 755 [2006]).

Contrary to the defendants' contention, O'Kelly's failure to comply with 22 NYCRR 1215.1, otherwise known as the "letter of engagement rule," did not prevent him from recovering legal fees based on the theory of quantum meruit (*see Seth Rubenstein, P.C. v Ganea,* 41 AD3d 54 [2007]). Similarly, there is no evidence that he violated the disciplinary rules set forth in the Code of Professional Responsibility that prohibit a lawyer from practicing law under a trade name (Code of Professional Responsibility DR 2-102 [22 NYCRR 1200.7]), forming a partnership with a nonlawyer (Code of Professional Responsibility DR 3-102 [22 NYCRR 1200.17]), and sharing legal fees with a nonlawyer (Code of Professional Responsibility DR 3-103 [22 NYCRR 1200.18]). Moreover, O'Kelly did not violate part 137 of the Rules of the Chief Administrator of the Courts, which does

not apply to legal-fee disputes that involve sums greater than $50,000.

The parties' remaining contentions are without merit. Spolzino, J.P., Santucci, Leventhal and Chambers, JJ., concur.