■ CYNTHIA HERAS, Appellant, v WINERS GARAGE et al., Respondents, et al., Defendant. [876 NYS2d 511]—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Vaughan, J.), dated December 10, 2007, which, upon an order of the same court dated June 13, 2007, denying the plaintiff's motion for leave to renew her opposition to the respective motions of the defendants Winers Garage and Imran Feroz, NY Tennis Taxi Corp. and Moti Lal, and RRI Cab Corp. and Yasser M. Alhoshishi, respectively, which were for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and that branch of the cross motion of the defendant James George which was for summary judgment dismissing the complaint insofar as asserted against him on the same ground, dismissed the complaint.

Ordered that the judgment is affirmed, with one bill of costs.

A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]; *Chernysheva v Pinchuck,* 57 AD3d 936 [2008]; *Dinten-Quiros v Brown,* 49 AD3d 588 [2008]; *Madison v Tahir,* 45 AD3d 744 [2007]). Here, the plaintiff did not provide a reasonable justification for her failure to proffer the new facts in opposition to the prior motions and cross motion of the respective defendants, and otherwise failed to satisfy the requirements of CPLR 2221 (e). Therefore, the Supreme Court properly denied the plaintiff's motion for leave to renew (*see Utility Audit Group v Apple Mac & R Corp.,* 59 AD3d 707 [2009]). Rivera, J.P., Dillon, Miller, Balkin and Leventhal, JJ., concur.