■ DAVID BRUCE MCMAHAN, Appellant-Respondent, v ELENA MCMAHAN, Respondent-Appellant. [888 NYS2d 133]—

In an action for a divorce and ancillary relief, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Lubell, J.), entered March 6, 2008, as granted that branch of the defendant's motion which was for an award of interim counsel fees in the sum of $100,000, and denied that branch of his motion which was to enforce a provision of the parties' stipulation of settlement which required the defendant to pay 100% of the expenses of employing a mutually selected childcare provider, and the defendant cross-appeals from so much of the same order as granted that branch of her motion which was for an award of interim counsel fees only to the extent of awarding her the sum of $100,000.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff's contention that the parties' stipulation of settlement required the defendant to employ a mutually selected childcare provider could have been raised on his prior appeal from an order dated November 30, 2007, which was dismissed for failure to prosecute. Nevertheless, we exercise our discretion to determine the issue on the instant appeal (*see Faricelli v TSS Seedman's,* 94 NY2d 772, 774 [1999]; *Rubeo v National Grange Mut. Ins. Co.,* 93 NY2d 750 [1999]). On the merits, we reject the plaintiff's contention. A plain reading of the provision at issue reflects that the intention was to require the defendant to pay 100% of the expenses of a childcare provider if she employed one, and not, as the plaintiff argues, to actually require her to employ such a childcare provider.

Furthermore, since the provision of the stipulation of settlement providing that each party was responsible for his or her own counsel fees was drafted in the past tense, referring to fees for "services rendered," we agree with the defendant that such provision did not bar her request for an award of interim counsel fees for litigation between the parties which post-dated the agreement. Finally, the Supreme Court did not improvidently grant the defendant's request for an award of interim counsel fees in light of the undisputed significant disparity in the parties' financial circumstances, and we reject the defendant's contention that the amount awarded to her was inadequate (see Domestic Relations Law § 237 [a]; *Prichep v Prichep,* 52 AD3d 61 [2008]). Rivera, J.P., Florio, Eng and Leventhal, JJ., concur.

Motion by the respondent-appellant on an appeal and cross appeal from an order of the Supreme Court, Westchester County, entered March 6, 2008, in effect, to dismiss the appeal. By decision and order on motion of this Court dated November 5, 2008, the motion was held in abeyance and referred to the Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal and cross appeal, it is

Ordered that the motion is denied. Rivera, J.P., Florio, Eng and Leventhal, JJ., concur.