[920 NE2d 342, 892 NYS2d 286]

VINTAGE, LLC, Appellant, v LAWS CONSTRUCTION CORP. et al., Respondents, et al., Defendants.

Argued October 14, 2009; decided November 23, 2009

**APPEARANCES OF COUNSEL**

*Pinsky & Skandalis*, Syracuse (*Philip C. Pinsky* of counsel), and *Goetz Fitzpatrick, LLP*, New York City, for appellant.

*Andrew Greene & Associates, P.C.*, White Plains (*Stanley S. Zinner, Sondra Miller* and *Andrew Greene* of counsel), for respondents.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division, insofar as appealed from, should be affirmed with costs.

Gagne Development Company, Inc. intended to develop a golf course in the Bronx. Gagne asked plaintiff Vintage, LLC, a golf course construction consulting company, for its assistance in finding a suitable general contractor for the project. Following failure of that project, Vintage sued, among others, defendants Westway Industries, Inc., Laws Construction Corp., and "Westway Industries, Inc./Laws Construction Corp. a joint venture" (Westway/Laws) for breach of contract, and United States Fidelity & Guaranty Company on a payment bond. The parties stipulated that the trial would be on the issue of liability only.

Offered into evidence at trial was correspondence on letterhead entitled "WESTWAY INDUSTRIES, INC./LAWS CONSTRUCTION CORP., A JOINT VENTURE." This letter of intent purports to summarize a potential agreement between Gagne and Westway/Laws. It was dated March 3, 2000, and signed by William J. Vescio, president of Laws Construction.

The two agreements that give rise to Vintage's cause of action, however, are dated some seven weeks later, April 27, 2000, and state that they are between "WESTWAY INDUSTRIES AND/OR SU-Z INC. AND/OR LAWS CONSTRUCTION CORP., HEREINAFTER REFERRED TO AS (GENERAL CONTRACTOR) AND VINTAGE, LLC." These agreements were not signed by anyone from Laws Construction and the documents nowhere indicate that they were signed by anyone claiming to be acting on behalf of a joint venture. Rather, they were signed by Stephen Nigro as president of Westway Industries and Kenneth Reinartz as president of Vintage. Defendants now argue that they are entitled to judgment notwithstanding the verdict, since the agreements were unambiguous in that the joint venture is not a party to the agreements. We agree.

Supreme Court should have granted defendants' motion for a directed verdict because, viewing the evidence in a light most favorable to Vintage, there is no rational process by which the jury could have based a finding in Vintage's favor, as the agreements unambiguously establish that only Vintage and Westway Industries agreed to be bound by their terms.

An agreement is unambiguous when its words "have a definite and precise meaning, unattended by danger of misconception in the purport of the [contract] itself, and concerning which there is no reasonable basis for a difference of opinion" (*Breed v Insurance Co. of N. Am.*, 46 NY2d 351, 355 [1978], *rearg denied* 46 NY2d 940 [1979] [citations omitted]). Where an agreement is unambiguous on its face, it must be enforced in accordance with the plain meaning of its terms (*see Greenfield v Philles Records*, 98 NY2d 562, 569 [2002] [citations omitted]).

The two agreements here, each dated April 27, 2000 and drafted by Vintage, lend themselves to no other interpretation than that only Vintage and Westway Industries were to be bound by their terms. Neither agreement referenced the entity "Westway Industries, Inc./Laws Construction Corp. a joint venture." Nor is there any indication from a plain reading of the agreements that any signatory executed them on behalf of a joint venture. Thus, the only rational interpretation is that the

sole parties to the agreements were Vintage and Westway Industries.

Although Vintage claims that the earlier correspondence directed to Gagne on joint venture letterhead constitutes some evidence that a joint venture was in place the date the agreements were signed, that is irrelevant to our analysis because the terms of the agreements govern, and they unambiguously demonstrate that the signatories intended to bind only Westway Industries to the obligations contained therein.

In light of this ruling, any claim by Vintage relative to the payment bond is without merit.

Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur; Chief Judge LIPPMAN taking no part.

Order, insofar as appealed from, affirmed, with costs, in a memorandum.