■ HENRI WINTER, Appellant, v LAURENCE M. BROWN et al., Respondents. [924 NYS2d 555]—

In an action, inter alia, to recover damages for breach of contract and a judgment declaring that certain covenants and restrictions contained in a contract dated June 21, 2000, are null and void, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (Nicolai, J.), entered June 17, 2010, as, upon a decision of the same court entered November 25, 2009, made after a nonjury trial, and upon an order of the same court entered April 29, 2010, denying his motion pursuant to CPLR 4404 (b) to set aside the decision, is in favor of the defendants and against him dismissing the first cause of action to recover damages for breach of contract and, in effect, declared that the covenants and restrictions contained in the contract dated June 21, 2000, are valid.

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, with costs, the first cause of action is reinstated, the plaintiff is awarded the principal sum of $443,652, together with interest as provided for in the contract dated June 21, 2000, it is declared that the covenants and restrictions contained in that contract were rendered null and void as of December 15, 2005, and the matter is remitted to the Supreme Court, Westchester County, for entry of an appropriate amended judgment.

On June 21, 2000, Marshall Granger & Company, CPAs, P.C. (hereinafter the original Marshall Granger), and Henri Winter (hereinafter together with the original Marshall Granger, the sellers) entered into an agreement (hereinafter the agreement) with Mangini & Company, LLP (hereinafter Mangini & Co.), Ronald J. Mangini, and Laurence M. Brown (hereinafter collect-

ively with Mangini & Co. and Mangini, the buyers), pursuant to which the buyers agreed to purchase from the sellers certain assets of the original Marshall Granger, including its customer list. Also in June 2000, Winter and Mangini & Co. entered into a separate agreement, pursuant to which Mangini & Co. hired Winter to work for it as a certified public accountant for a period of five years.

The agreement provided that the buyers would pay the sellers "a sum equal to twenty percent (20%) of the net collected fees billed to the clients or accounts listed on Schedule B annexed over a period of six (6) years commencing on July 31, 2000 and ending on July 30, 2006." Further, the agreement provided "that the minimum purchase price to be paid . . . shall be $750,000." In addition, the agreement provided that the "Sellers shall be paid twenty percent (20%) of the net fees billed and collected on a quarterly basis during the six year payout period" and that "[p]ayment shall be made to Sellers within forty-five days of the end of each calendar quarter." Also, as later amended, the agreement provided that "[i]f payments are not made by Buyers within 45 days . . . after the end of a quarter then such payment shall bear interest at the rate of 10% per annum until paid."

The agreement contained certain covenants and restrictions that prohibited Winter from, inter alia, "directly or indirectly providing accounting or financial services to or soliciting any client of the company (as of the date of Winter's termination) for accounting or financial services" while he was an employee of Mangini & Co. and for a period of five years thereafter. However, the agreement expressly provided that "[n]othing as contained herein to the contrary shall prohibit Winter from . . . becoming employed as an employee of any client of the company." The agreement also provided that "[i]n order to insure Winter's protection, in the event that any payment under . . . the . . . Agreement . . . is not made when due . . . then . . . the covenants and restrictions contained within [the A]greement shall be null and void."

In or around November 2006, Winter commenced this action against Brown, Mangini, Mangini & Co., and Marshall Granger & Company, LLP (formerly Mangini & Co.) (hereinafter the new Marshal Granger), inter alia, to recover damages for breach of contract based on the defendants' alleged failure to pay him the minimum purchase price of $750,000, as required by the agreement, and for a judgment declaring that the covenants and restrictions in the agreement are null and void based on the defendants' alleged failure to make payment to him when

due, as required by the agreement. After joinder of issue, and prior to trial, the parties entered into a stipulation, which was later so-ordered by the Supreme Court (hereinafter the stipulation), pursuant to which, among other things, the "Defendants stipulate[d] that, subject to proof at trial with respect to Defendant[s'] counterclaims, the amount due to Plaintiff under the [Agreement], as of July 30, 2006, is $443,652" (hereinafter the balloon payment).

After a nonjury trial, the Supreme Court issued a decision in which it concluded, among other things, that Winter failed to sustain his burden of establishing that the defendants breached the agreement and, in effect, in any event, that Winter was not entitled to the balloon payment because, after leaving his employment with the new Marshall Granger in February 2006, he breached the agreement by accepting employment with a client of the new Marshall Granger. The Supreme Court thereafter dismissed the complaint and, in effect, declared that the covenants and restrictions in the agreement were valid.

"[U]pon review of a determination rendered after a nonjury trial, this Court's authority is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses" (*Melius v Breslin*, 46 AD3d 524, 525 [2007] [internal quotation marks and citations omitted]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Lelekakis v Kamamis*, 41 AD3d 662, 664 [2007]).

The provision of the stipulation providing that "the amount *due* to Plaintiff under the [Agreement], as of July 30, 2006, is *$443,652*" established both liability and damages with respect to the first cause of action to recover damages for breach of contract, subject only to proof at trial with respect to the defendants' counterclaims as further provided in the stipulation (*see generally Matter of Cordier*, 168 Misc 577, 581 [1938]). However, the defendants' answer to the complaint contained no counterclaims or affirmative defenses (*see* CPLR 3018 [b]) and, contrary to the Supreme Court's conclusion, they failed to demonstrate that Winter breached the agreement by accepting employment with a client of the new Marshall Granger, since the agreement unambiguously permitted him to accept such employment, notwithstanding the covenants and restrictions contained elsewhere in the agreement (*see generally Riverside S. Planning Corp. v CRP/Extell Riverside, L.P.*, 13 NY3d 398, 403-404 [2009]; *Vintage, LLC v Laws Constr. Corp.*, 13 NY3d 847, 849-850 [2009]). In any event, the undisputed evidence

established that the defendants failed to pay Winter the full amount due to him under the agreement on December 15, 2005, for the quarter ending October 31, 2005. Accordingly, pursuant to the express terms of the agreement, the covenants and restrictions contained in the agreement were rendered null and void as of December 15, 2005, well before Winter accepted employment with a client of the new Marshall Granger (*see generally DeCapua v Dine-A-Mate, Inc.*, 292 AD2d 489, 491 [2002]).

Based on the foregoing, we conclude that Winter is entitled to a judgment awarding him the principal sum of $443,652, plus interest as provided for in the agreement, and declaring that the covenants and restrictions in the agreement were rendered null and void as of December 15, 2005. Dillon, J.P., Belen, Sgroi and Miller, JJ., concur.