■ DAVID BERRY et al., Respondents-Appellants, v RANDOLPH L. WILLIAMS, Individually and as Executor of JAMES R. WILLIAMS, Deceased, et al., Appellants-Respondents. [929 NYS2d 281]—

On July 15, 1993, David Berry and Joseph Governale borrowed the principal sum of $150,000 from J&J Log & Lumber Corp. (hereinafter J&J) to purchase approximately 84 acres of vacant land in Ulster County (hereinafter the property). At that time, J&J was owned by James Williams and his son, Randolph Williams. The loan was secured by a mortgage on the property.

On April 1, 1994, Berry, Governale, James Williams, and Randolph Williams incorporated Willberry Corporation (hereinafter Willberry) for the purpose of developing an assisted-living facility on the property (hereinafter the Willberry project); they also executed a shareholders' agreement to govern the corporation (hereinafter the 1994 Agreement). Pursuant to the 1994 Agreement, Berry and Governale borrowed an additional $250,000 from James Williams and Randolph Williams, secured by a second mortgage on the property, and thereafter sold the property to Willberry, subject to the first and second mortgages. On March 12, 1998, James Williams and Berry amended the 1994 Agreement in certain respects by executing a document entitled "Modification of Distribution of Funds" (hereinafter the 1998 Modification Agreement).

In or about November 15, 2000, Berry, Governale, and Willberry commenced this action against Randolph Williams, individually and as a coexecutor of the estate of James Williams, who had died on July 9, 1998, as well as against Irving Schwartz and Nancy Viola, as coexecutors of the estate of James Williams. In essence, the plaintiffs contended that the defendants breached the 1994 Agreement, as amended by the 1998 Modification Agreement, by ceasing to contribute funds to develop the Willberry project.

On January 24, 2004, Randolph Williams and Berry entered into an oral stipulation of settlement that was placed on the record in open court, which, inter alia, provided that they would attempt to sell the property, which was Willberry's only asset, as quickly as possible, and then dissolve Willberry. On January 19, 2006, Randolph Williams and Berry entered into another oral stipulation of settlement that was placed on the record in open court, in which they agreed to, among other things, the actual sale of the property and to certain preliminary disbursements of the proceeds of the sale. On February 2, 2006, Willberry sold the property for the sum of $4.5 million. After the parties paid certain closing expenses, they distributed the sum of $1,410,043.08 to Randolph Williams, distributed the sum of $798,277.96 to Berry and Governale, and placed $2 million in an interest-bearing escrow account to await a final judicial determination on the disposition of the proceeds of the sale.

After protracted motion practice and five appeals, all of which were dismissed on various procedural grounds or for failure to prosecute, the defendants appeal from the judgment entered in the action, and the plaintiffs cross-appeal from portions of the judgment, which, among other things, awarded amounts that the defendants were entitled to receive from the proceeds of the sale. We modify.

Initially, CPLR 5019 (a) permits this Court to cure any "mistake, defect or irregularity" in a judgment, including mathematical errors in calculation (*see Freedman v City of New Rochelle*, 274 AD2d 447, 448 [2000]). Here, the judgment recited that the Supreme Court had previously determined to award the defendants the principal sums of $56,086, $250,000, $210,000, and $344,273.02, and aggregated these awards in the first decretal paragraph, yet erroneously calculated the sum of these awards to be $810,359.02, rather than $860,359.02, which is the correct amount. Moreover, "[a] judgment . . . must conform strictly to the court's decision. Where there is an inconsistency between a judgment . . . and the decision upon which it is based, the decision controls" (*Curry v Curry*, 14 AD3d 646, 647 [2005] [citations omitted]). Here, in one of the posttrial decisions upon which the judgment was based, the Supreme Court recited, among other things, that the award of $210,000 was to be with interest from the date of the decision. The first decretal paragraph of the judgment, however, awarded the sum of $810,359.02—in which the award of $210,000 was subsumed—without interest. Accordingly, although we are ultimately required, under the circumstances of this case, to award different rates of interest over different periods of time in connection with the several components of the award of $860,359.02, we take as our starting point the ministerial correction of the first decretal paragraph of the judgment to reflect the decision of the Supreme Court to award the defendants the sum of $860,359.02, with prejudgment interest at the statutory rate of 9% per annum on the entirety of that sum, only from February 28, 2007, the date of the decision (*see* CPLR 5002).

That said, as a general rule, we do not consider an issue on a subsequent appeal which was raised or could have been raised on an earlier appeal which was dismissed for lack of prosecution, although the Court has the inherent jurisdiction to do so (*see Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750 [1999]; *Bray v Cox*, 38 NY2d 350 [1976]). The issues the defendants raise could have been raised on the defendants' prior appeal from an order dated May 3, 2007, denying their motion pursuant to CPLR 4404 (b) to set aside the decision dated February

28, 2007, which was dismissed by decision and order on motion of this Court dated March 4, 2008, for failure to prosecute in accordance with the rules of this Court. Nevertheless, under the circumstances of this case, we exercise our discretion to determine these issues on the instant appeal (*see Faricelli v TSS Seedman's*, 94 NY2d 772, 774 [1999]; *Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750 [1999]; *McMahan v McMahan*, 66 AD3d 969, 969 [2009]; *cf. Utility Audit Group v Apple Mac & R Corp.*, 59 AD3d 707, 708 [2009]).

As noted above, the Supreme Court erred in declining to include, in the judgment, interest in connection with the award of the principal sum of $860,359.02. Of that award, the sum of $650,359.02 should have accrued statutory interest at the rate of 9% per annum "from the date the . . . decision was made to the date of entry of final judgment" (CPLR 5002). Accordingly, we modify the judgment to reflect the proper award of prejudgment interest on that sum. With respect to the remaining $210,000 subsumed in the award of $860,359.02, the Supreme Court also erred in declining to include, in the judgment, the proper prejudgment interest in connection with that award which, here, had been fixed pursuant to contract at a rate greater than the statutory rate. The sum of $210,000 reflected an amount loaned to the plaintiff David Berry by the defendants. Contrary to the plaintiffs' contention, the Supreme Court's determination of that principal sum "was supported by the evidence and should not be disturbed" (*Rockland Dev. Assoc. v State of New York*, 15 AD3d 381, 382 [2005]; *see American Psych Sys. v Options Ind. Practice Assn.*, 276 AD2d 654, 655 [2000]). Moreover, pursuant to the 1998 Modification Agreement, Berry was required to repay the loan, plus 10% interest, in the event that the property was sold. Consequently, the Supreme Court should have awarded the defendants prejudgment interest at the contractual rate of 10% per annum on the award of $210,000, from February 2, 2006, the date that the property was sold (*see Winter v Brown*, 85 AD3d 773 [2011]), and we modify the judgment accordingly.

The Supreme Court also erred in declining to award prejudgment interest in connection with the award of the principal sum of $289,355. That sum reflected the total amount owed by the plaintiffs pursuant to an agreement (hereinafter the cost-plus agreement), wherein the plaintiffs were provided with excavation services in exchange for payment of "the actual costs incurred . . . plus ten (10%) percent." Contrary to the plaintiffs' contention, the Supreme Court's determination of that principal sum "was supported by the evidence and should not be

disturbed" (*Rockland Dev. Assoc. v State of New York*, 15 AD3d at 382; *see American Psych Sys. v Options Ind. Practice Assn.*, 276 AD2d at 655). However, the cost-plus agreement provided that payment was due in full upon completion of the work. Accordingly, the Supreme Court should have awarded the defendants interest at the statutory rate of 9% per annum from "the earliest ascertainable date the cause of action existed" (CPLR 5001 [b]; *see Tesser v Allboro Equip. Co.*, 73 AD3d 1023, 1027-1028 [2010]) which, here, was February 2, 1998.

The provision in the judgment directing the plaintiffs to pay the defendants the total sum of $97,801.34 with certain prejudgment interest represented the amount to be paid to the defendants from a court-mandated, interest-bearing escrow fund, which held the remainder of the proceeds of the February 2, 2006, sale of the subject property. Since the calculation of this amount was based upon awards now modified by this decision and order, the third decretal paragraph of the judgment, awarding the defendants $97,801.34 plus certain prejudgment interest, must be deleted.

The parties' remaining contentions are without merit.

Accordingly, the matter must be remitted to the Supreme Court, Dutchess County, for calculation of the interest due on the awards in accordance herewith, and the entry of an appropriate amended judgment thereafter. Dillon, J.P., Eng, Sgroi and Miller, JJ., concur.