JULIE MAGGIORE, Respondent, v JOSEPH MAGGIORE, Appellant. [937 NYS2d 366]—

Lahtinen, J.

At the outset of trial, the parties stipulated to grounds for divorce and custody, with a bench trial ensuing on the issues of maintenance, equitable distribution and child support. Although Supreme Court rejected plaintiff's contention that defendant's action constituted egregious conduct that should affect equitable distribution, it did find wasteful dissipation by defendant and was unpersuaded by defendant's assertion of economic fault by plaintiff. The court awarded plaintiff the marital residence

(which was characterized by Supreme Court as essentially worthless in light of foreclosure and other judgments) and her salon business, as well as a distributive award of $14,341.71. Plaintiff received maintenance of $250 per week for six years and child support was set at $182 per week. Defendant appeals.*

The record supports Supreme Court's determination that defendant wastefully dissipated marital assets, which is one of the statutory factors in equitable distribution analysis (see Domestic Relations Law § 236 [B] [5] [d] [12]; Noble v Noble, 78 AD3d 1386, 1388-1389 [2010]). During the divorce actions, defendant failed to make mortgage payments resulting in foreclosure on a primary marital asset, and he used money from his retirement account for personal reasons rather than to prevent foreclosure. He further permitted vehicles purchased during the marriage to be repossessed and a judgment to be entered for unpaid marital debt. Defendant repeatedly violated court orders resulting in a substantial reduction in marital assets.

Defendant's assertion that Supreme Court erred in not finding economic fault by plaintiff is unpersuasive. To be sure, this matrimonial action was replete with acrimoniousness and uncooperative postures by both parties. However, Supreme Court was in the best position to consider the credibility of the parties' various accusations (see Matter of Lopez v Robinson, 25 AD3d 1034, 1035-1036 [2006]), and its decision not to attribute economic fault to plaintiff in its equitable distribution analysis was not an abuse of discretion (see Farkas v Farkas, 11 NY3d 300, 310 [2008]). Supreme Court's determination regarding equitable distribution has ample record support.

The requisite statutory factors were considered by Supreme Court regarding maintenance, and the award was well within its discretion (see Fosdick v Fosdick, 46 AD3d 1138, 1140 [2007]; Brzuszkiewicz v Brzuszkiewicz, 28 AD3d 860, 862 [2006]). The court noted, among other things, defendant's superior earning power, plaintiff's back problems and the potential affect on her ability to continue working as a hair stylist, her need to train for other work, the length of the marriage, the amount of time before the children reached the age of majority, and plaintiff's role as primary caretaker of the children.

Spain, J.P., Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the appeal from the order entered September 27, 2010 is dismissed, without costs.

Ordered that the judgment entered November 23, 2010 is affirmed, without costs.

---

* Defendant's appeal from the September 2010 order must be dismissed since it was subsumed by the appeal from the November 2010 judgment (see Armstrong v Armstrong, 72 AD3d 1409, 1410 n 1 [2010]).