■ JOSEPH COHEN et al., Appellants, v BUSINESS PAYMENTS SYSTEMS, LLC, Respondent. [938 NYS2d 521]—

Defendant Business Payments Systems (BPS) is engaged in the business of marketing and selling credit card processing services to merchants. On August 22, 2005, BPS entered into a sales agreement with the limited liability company One Stop, of which plaintiff Joseph Cohen is a principal. The sales agreement defined "residual" to mean all merchant revenues collected by BPS "in excess of the fees set forth in Exhibit A." Thus, the "residual" payments which BPS remitted to One Stop were governed by a fee schedule annexed as "Exhibit A" to the sales agreement, which set forth BPS's share of the commission on every credit card transaction. The "residual" payment owed to One Stop was the amount over and above the amounts set forth in the fee schedule.

Subsequent to the sales agreement between BPS and One Stop, plaintiffs' purchased from BPS the rights to collect BPS's share of the future commissions on credit card transactions from various BPS merchant accounts. The residual purchase agreements were honored by BPS until June 2008, when BPS ceased remitting the fees to plaintiffs, as One Stop's agents, based on the plaintiffs' breach of the non-compete and confidentiality provisions of the sales agreement.

We find that the provisions of the sales agreement were incorporated by reference into the residual purchase agreements (*see PaineWebber Inc. v Bybyk*, 81 F3d 1193, 1201 [2d Cir 1996]), including the definition of "residuals." Pursuant to the plain language of the sales agreement (*Vintage, LLC v Laws Constr. Corp.*, 13 NY3d 847, 849 [2009]), however, the "residual" payments therein meant only that portion of the fees over and above the fees that were paid to BPS, i.e., that portion of the fees that were earned by One Stop which procured merchants to obtain NPS processing services. When read together with paragraph 6.4 of the sales agreement, "Certain Post-Termination Rights" (*see HSBC Bank USA v National Equity Corp.*, 279 AD2d 251, 253 [2001]), it is clear that upon termination of the sales agreement with cause (as was the case here), all residual payments to One Stop would cease.

Nevertheless, it is the portion of the future fees attributable to BPS that is the subject of the residual purchase agreements, which, by definition, would not cease immediately upon termina-

tion for cause. For this reason, we remand the matter for a determination of payments due plaintiffs under the residual purchase agreements. In addition, plaintiffs, as prevailing parties, are entitled to attorneys' fees under paragraph 7 of the residual purchase agreements. Concur—Saxe, J.P., Friedman, Catterson, Freedman and Manzanet-Daniels, JJ.