# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

245

CA 13-01698

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND SCONIERS, JJ.

---

CRAIG B. WINSHIP, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

BARBARA A. WINSHIP, DEFENDANT-RESPONDENT.

---

COTTER & COTTER P.C., WILLIAMSVILLE (DAVID B. COTTER OF COUNSEL), FOR PLAINTIFF-APPELLANT.

GERALD J. VELLA, SPRINGVILLE, FOR DEFENDANT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Cattaraugus County (Michael L. Nenno, A.J.), entered December 21, 2012 in a divorce action. The judgment, among other things, dissolved the marriage between the parties and distributed the marital assets.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reducing the weekly awards of child support and maintenance to $210.85 and $290.40, respectively, and as modified the judgment is affirmed without costs.

Memorandum: In this matrimonial action, plaintiff husband appeals from a judgment entered following a nonjury trial on issues relating to child support, maintenance and equitable distribution. Plaintiff contends that he should be afforded a new trial because Supreme Court abdicated its judicial responsibilities by adopting, almost verbatim, the proposed findings of fact submitted by defendant's attorney. According to plaintiff, the court's error in this regard is particularly prejudicial to him because defendant's proposed findings of fact fail to comply with CPLR 4213 (a), inasmuch as they are impermissibly argumentative (*see Charles F. Ryan & Son v Lancaster Homes, Inc.*, 22 AD2d 186, 192, *affd* 15 NY2d 812; *Capasso v Capasso*, 119 AD2d 268, 275). We conclude that reversal is not warranted based on the court's findings of fact.

Of the 156 findings of fact proposed by defendant, only 4 contain improper language, and the underlying factual assertions are not challenged by plaintiff. Although the court adopted many of defendant's proposed findings, the court did not adopt the proposed finding regarding plaintiff's income. The court determined that the amount of plaintiff's income was $63,636.46, whereas defendant proposed an amount of $77,170.42. As a result, the amounts of child support and maintenance set forth in the court's findings of fact are less than those proposed by defendant. Under the circumstances, it

cannot be said that the court abdicated its judicial responsibilities (*see Henery v Henery*, 105 AD3d 903, 904; *Noble v Noble*, 78 AD3d 1386, 1387).

Plaintiff further contends that the court's award of maintenance is excessive. We note at the outset that plaintiff failed to submit a sworn financial statement, as required by Domestic Relations Law § 236 (B). He also failed to submit copies of his recent tax returns, his W-2 statements, or his 1099 statements, as required by 22 NYCRR 202.16. Thus, plaintiff "cannot be heard to complain that the court erred in drawing inferences favorable to defendant with respect to the disputed financial issues," including maintenance (*Anfang v Anfang*, 243 AD2d 340, 340; *see Glass v Glass*, 233 AD2d 274, 275). In any event, considering the factors set forth in Domestic Relations Law § 236 (B) (6) (a), we conclude that the court's award of maintenance, as set forth in its findings of fact, does not constitute an abuse of discretion (*see generally Sharlow v Sharlow*, 77 AD3d 1430, 1431; *Smith v Winter*, 64 AD3d 1218, 1220, *lv denied* 13 NY3d 709). As plaintiff points out, however, the judgment sets weekly maintenance at a higher amount than that set forth in the court's findings of fact, and we therefore modify the judgment by reducing plaintiff's weekly maintenance obligation from $337.15 to $290.40 (*see Berry v Williams*, 87 AD3d 958, 961; *Oliver v Oliver*, 70 AD3d 1428, 1430).

With respect to child support, plaintiff contends that the court did not properly calculate defendant's income because it failed to consider funds she receives from land and gas leases. In his own proposed findings of fact, however, plaintiff stated that defendant's income for support purposes was $18,334, which is the exact figure determined by the court. Thus, plaintiff's contention is unpreserved for our review. Again, however, the judgment provides for a higher award of child support than that set forth in the court's findings of fact, which control (*see Berry*, 87 AD3d at 961; *Oliver*, 70 AD3d at 1430). We thus further modify the judgment by reducing plaintiff's weekly child support obligation from $254.23 to $210.85.

Plaintiff's primary challenge to the equitable distribution award relates to the court's determination that Pine Top Plantation (Pine Top), a 128-acre Christmas tree farm formerly owned and operated by plaintiff's deceased father, is marital property subject to equitable distribution. The court determined that, pursuant to an installment contract dated January 8, 2000, plaintiff purchased Pine Top from his father. According to plaintiff, he and his father terminated the installment contract, and he inherited the business and its land from his father upon his father's death in February 2010. In the joint tax returns filed from 2000 through 2008, however, the parties depreciated Pine Top's equipment and property, and identified plaintiff as its "proprietor." Plaintiff signed those tax returns. As the Court of Appeals has made clear, "[a] party to litigation may not take a position contrary to a position taken in an income tax return" (*Mahoney-Buntzman v Buntzman*, 12 NY3d 415, 422). Here, plaintiff's tax returns are inconsistent with his position that his father owned Pine Top after 2000, inasmuch as a party cannot depreciate property that he or she does not own. In any event, giving deference to the

trial court's credibility determinations, we perceive no basis to disturb the court's finding that plaintiff acquired Pine Top from his father during the marriage and prior to his father's death.

We have reviewed plaintiff's remaining contentions and conclude that they lack merit.