Giannuzzi v Kearney (2018 NY Slip Op 02378)





Giannuzzi v Kearney


2018 NY Slip Op 02378


Decided on April 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 5, 2018

524680

[*1]VEYA GIANNUZZI, Appellant- Respondent,
v
ERIC KEARNEY, Respondent- Appellant.

Calendar Date: February 14, 2018

Before: Egan Jr., J.P., Clark, Mulvey, Aarons and Rumsey, JJ.


Garufi Law PC, Binghamton (Carman M. Garufi of counsel), for appellant-respondent.
Law Office of Ronald R. Benjamin, Binghamton (Ronald R. Benjamin of counsel), for respondent-appellant.


Rumsey, J.

MEMORANDUM AND ORDER
Cross appeal from a judgment of the Supreme Court (Reynolds Fitzgerald, J.), entered May 16, 2016 in Broome County, ordering, among other things, equitable distribution of the parties' marital property, upon a decision of the court.
Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) were married in 1998 and have no children. In 2013, the wife commenced this action for divorce, based on the irretrievable breakdown of the parties' relationship. Prior to the marriage, the wife inherited IBM stock from her grandfather worth in excess of $1 million. Throughout the marriage, the wife was employed as a public school teacher. The husband was
initially self-employed as the proprietor of a floor covering business, but, during the marriage, became a certified financial planner and subsequently managed the wife's IBM stock holdings. During the marriage, the parties acquired the former marital residence and a commercial property, both located in the Town of Vestal, Broome County, and seven additional parcels of real property located in Florida.
At the time of trial, the wife continued to reside in the former marital residence in Broome County and the husband resided in one of the Florida properties. After a nonjury trial, Supreme Court granted the wife a divorce and, in relevant part, determined that the wife's IBM stock was her separate property, awarded the former marital residence to the wife, awarded the commercial property and the property in Florida where he resided to the husband, and awarded [*2]the wife a credit of $115,000 as reimbursement for her contribution of separate property to the purchase and improvement of the one Florida property that was awarded to the husband. In addition, the court ordered the sale of the six remaining Florida properties, with the net proceeds thereof to be distributed 60% to the wife and 40% to the husband. Finally, the husband was awarded a 50% share of the wife's pension, in accordance with the Majauskas formula, and the wife was awarded 50% of the balance in the husband's simplified employee pension individual retirement account (hereinafter SEP IRA). The wife now appeals and the husband cross-appeals.
The husband's sole contention on appeal is that Supreme Court erred in determining that the wife's IBM stock was her separate property. "Whether a particular asset is marital or separate property is a question of law that a trial court must initially address to ascertain the marital estate" (Smith v Smith, 152 AD3d 847, 848 [2017] [citation omitted]). Property acquired by a spouse prior to the marriage is separate property, unless it is transmuted into marital property during the course of the marriage (see Domestic Relations Law § 236 [B] [1] [d]; Spera v Spera, 71 AD3d 661, 664 [2010]; Sherman v Sherman, 304 AD2d 744, 744 [2003]). The IBM stock, including any reinvestment thereof, remained in accounts maintained exclusively in the wife's name throughout the marriage. Nonetheless, the husband contends that the IBM stock became marital property because the parties filed joint income tax returns reporting income derived from the IBM stock, the parties utilized dividends received from the IBM stock to maintain the marital standard of living, and the IBM stock was pledged as collateral to secure the loan that the parties obtained to finance the purchase of several of the Florida properties. His arguments are unavailing.
A party to litigation is precluded from taking a position contrary to affirmative elections or representations made on an income tax return that are material to the characterization or taxation of any income derived from the separate property (see Mahoney-Buntzman v Buntzman, 12 NY3d 415, 422 [2009]; Winship v Winship, 115 AD3d 1328, 1330 [2014]). For example, income realized from the sale, during the marriage, of corporate stock that was separate property was properly classified as marital property because it had been reported on a federal income tax return as ordinary income, rather than as capital gains realized upon the sale of an asset, and income earned during the marriage is marital property (see Mahoney-Buntzman v Buntzman, 12 NY3d at 422). Similarly, the argument that a farm was separate property because it had been inherited by one spouse in 2010 was inconsistent with the fact that the parties had depreciated property and equipment used to operate the farm on joint returns that they filed from 2000 through 2008, because a party cannot depreciate property that he or she does not own (see Winship v Winship, 115 AD3d at 1329-1330). By contrast, the mere reporting of income earned from the separate assets of one spouse on a joint return does not transmute the separate property to marital property because both spouses are required to report all of their income, whatever the source, on a joint return (see Angelo v Angelo, 74 AD2d 327, 333 [1980]; Johnston v Nakis, 46 Misc 3d 651, 664-669 [Sup Ct, Monroe County 2014]). We agree that a contrary rule "would force married persons to file separate income tax returns, and to pay higher income taxes, simply to protect the non-marital status of their separate property" (Holden v Holden, 667 So 2d 867, 869 [Fla Dist Ct App 1996]). Here, the wife's assertion that the IBM stock was her separate property was not contrary to any position that she had taken by reporting income derived from her IBM stock on the parties' joint income tax returns as dividends and capital gains (see e.g. Sayers v Sayers, 129 AD3d 1519, 1519-1520 [2015]).
It is also well-settled that the use of funds withdrawn from an account that is separate property to pay marital expenses does not change the character of the account to marital property (see Robinson v Robinson, 133 AD3d 1185, 1190 [2015]). Thus, the use of dividends earned on the wife's IBM stock to pay marital expenses was insufficient to transform the stock to marital [*3]property. Similarly, the pledge of the IBM stock as collateral for the loan used to acquire several parcels of real property located in Florida did not transmute all or any portion of the stock to separate property. This conclusion is illustrated by the fact that a spouse who contributes separate property toward the purchase of a marital asset, or whose separate property is used to pay a marital debt that was incurred to acquire a marital asset, is entitled to a credit for the separate property contribution (see Beardslee v Beardslee, 124 AD3d 969, 969-970 [2015]).
Having determined that the wife's IBM stock was properly classified as separate property, we now consider the wife's challenges to Supreme Court's equitable distribution of the marital property. Her assertion that the court erred in not finding that the husband had engaged in economic misconduct during the marriage, and by not considering such conduct in directing equitable distribution, is unpersuasive. Economic fault that results in wasteful dissipation of marital property or that otherwise frustrates the ability to make a fair distribution of marital property is a factor that may be considered in equitable distribution (see Domestic Relations Law § 236 [B] [5] [d] [12], [14]; Owens v Owens, 107 AD3d 1171, 1174-1175 [2013]). The wife argues that the husband's misconduct included the unauthorized sale of IBM stock that generated significant income tax liability and the unauthorized expenditure of funds from the account that held her IBM stock. The husband testified that the sales of IBM stock were made to diversify the wife's holdings, with her knowledge, and in accordance with accepted investment recommendations, and the expenditures that he made from the wife's stock account were also made with her knowledge and consent for marital purposes. As conceded by the wife's counsel at oral argument, Supreme Court found the wife's claim that she had no contemporaneous knowledge of the transactions involving the IBM stock that had been made to the husband to be incredible, and concluded that the wife had knowledge of the relevant transactions. According deference to Supreme Court's credibility determinations (see Maggiore v Maggiore, 91 AD3d 1096, 1097 [2012]; Noble v Noble, 78 AD3d 1386, 1388 [2010]), we conclude that Supreme Court did not abuse its discretion in failing to attribute economic fault to the husband.
The wife's remaining arguments do not require extended discussion. The wife's argument that Supreme Court erred in distributing one half of the marital portion of her pension to the husband because he initially failed to disclose the existence or value of his SEP IRA lacks merit. The court acted within its discretion by ordering equal distribution of the marital portion of the parties' retirement assets, which consisted entirely of the wife's pension and the husband's SEP IRA. Supreme Court also acted within its discretion by ordering distribution of the Florida property that the husband occupied as his residence to the husband, rather than ordering its sale, inasmuch as the court also awarded the wife a credit for the full amount of her separate property contribution to the acquisition of that property and ordered that the credit be paid first from the proceeds realized upon the sale of the remaining Florida properties. However, we agree with the wife that Supreme Court erred by making no provision for the release of her personal liability for the mortgage loan on that property. Therefore, the husband is ordered to refinance the mortgage loan or obtain a release of the wife's personal liability within 90 days from the date of this decision; upon a failure to timely obtain such relief, the property shall be sold and the net proceeds shall be first applied toward payment of any balance remaining due on the separate property credit that was awarded to the wife.
Egan Jr., J.P., Clark, Mulvey and Aarons, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by ordering defendant to provide for the release of plaintiff's personal liability for the mortgage loan on the [*4]Florida property awarded to defendant, on the terms set forth herein, and, as so modified, affirmed.