Matter of Buchyn v Scirocco (2022 NY Slip Op 03197)

Matter of Buchyn v Scirocco

2022 NY Slip Op 03197

Decided on May 13, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 13, 2022

535353
[*1]In the Matter of David Buchyn, Respondent,
v
Frank Scirocco et al., Appellants, et al., Respondent. (And Another Related Proceeding.)

Calendar Date:May 13, 2022

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Fisher, JJ.

Greenberg Traurig, LLP, Albany (Robert M. Harding of counsel), for appellants.
Law Office of Joseph T. Burns, Williamsville (Joseph T. Burns of counsel), for respondent.

Per Curiam.
Appeal from an order of the Supreme Court (Cuevas, J.), entered May 5, 2022 in Saratoga County, which, among other things, granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petition naming respondents Frank Scirocco, Edward Morcone, Kevin Cronin and George Brown as candidates for the party positions of delegate and alternate delegate to the Conservative Party Judicial Nominating Convention, Fourth Judicial District, from the 113th Assembly District in the June 28, 2022 primary election.
A designating petition was filed with respondent State Board of Elections purporting to designate respondents Frank Scirocco, Edward Morcone, Kevin Cronin and George Brown (hereinafter collectively referred to as respondents) as candidates for the party positions of delegate and/or alternate delegate to the Conservative Party Judicial Nominating Convention, Fourth Judicial District, from the 113th Assembly District in the June 28, 2022 primary election. Petitioner, an enrolled member of the Conservative Party and registered voter in the 113th Assembly District, filed general and specific objections with the Board challenging various signatures on the designating petition and, shortly thereafter, commenced a proceeding pursuant to Election Law § 16-102 seeking to invalidate the designating petition for failing to contain the minimum 75 signatures required.
On May 2, 2022, the Board invalidated 44 of the 118 signatures contained on the designating petition, leaving 74 valid signatures — one signature short of the requisite number of signatures required for the designation sought. As a result, the Board determined that the designating petition was invalid. Respondents commenced a proceeding to validate the designating petition, alleging that the Board incorrectly invalidated certain signatures. Supreme Court held a hearing on both proceedings. In its decision, the Court overruled the Board on seven objections, but reinstated one signature, ultimately resulting in the invalidation of an additional six signatures.
Subtracting these six invalidated signatures from the 74 that were found valid by the Board would result in a net of 68 valid signatures. However, in its conclusion, Supreme Court found "48 invalid signatures, leaving 70 valid signatures" (emphasis added). On its face, this discrepancy appears to be a mathematical error, and this Court is unable to determine whether the error is based upon the conclusion that there were 48 invalid signatures or rather a different calculation error. As a result, and considering the time constraints in all Election Law matters, we are constrained to withhold decision and remit the matter to Supreme Court for the limited purpose of clarifying the number of signatures that it found to be valid (see CPLR 5019 [a]). When this Court receives clarification from Supreme Court, this Court will resolve this appeal.
ORDERED that the decision is withheld, and matter remitted to the Supreme Court for it to clarify its order forthwith.
Egan, Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.