Matter of Buchyn v Scirocco (2022 NY Slip Op 03201)





Matter of Buchyn v Scirocco


2022 NY Slip Op 03201


Decided on May 16, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 16, 2022

535353B
[*1]In the Matter of David Buchyn, Respondent,
v
Frank Scirocco et al., Appellants, et al., Respondent. (And Another Related Proceeding.)

Calendar Date:May 13, 2022

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Fisher, JJ.

Greenberg Traurig, LLP, Albany (Robert M. Harding of counsel), for appellants.
Law Office of Joseph T. Burns, Williamsville (Joseph T. Burns of counsel), for respondent.



Per Curiam.
Appeal from an order of the Supreme Court (Cuevas, J.), entered May 5, 2022 in Saratoga County, which, among other things, granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petition naming respondents Frank Scirocco, Edward Morcone, Kevin Cronin and George Brown as candidates for the party positions of delegate and alternate delegate to the Conservative Party Judicial Nominating Convention, Fourth Judicial District, from the 113th Assembly District in the June 28, 2022 primary election.
On April 7, 2022, respondents Frank Scirocco, Edward Morcone, Kevin Cronin and George Brown (hereinafter collectively referred to as respondents) filed with respondent State Board of Elections a designating petition to run as candidates for judicial delegate and/or alternate judicial delegate to the Conservative Party Judicial Nominating Convention, Fourth Judicial District, from the 113th Assembly District in the June 28, 2022 primary election. Respondents' designating petition contained 118 signatures, which was more than the minimum of 75 signatures required for a Conservative Party designating petition for those party positions in the 113th Assembly District.
Petitioner, an enrolled member of the Conservative Party and registered voter in the 113th Assembly District, filed general and specific objections with the Board challenging various signatures on the designating petition and, shortly thereafter, commenced a proceeding pursuant to Election Law § 16-102 seeking to invalidate the designating petition for failing to contain the minimum 75 signatures required. Following a hearing before the Board on the objections filed, the Board invalidated 44 of the 118 signatures contained on the designating petition, ultimately determining that it was invalid because it contained only 74 valid signatures. Immediately thereafter, respondents commenced a proceeding pursuant to Election Law § 16-102 seeking to validate the designating petition, alleging that the Board incorrectly invalidated certain signatures.
Supreme Court held a hearing on both proceedings. In its decision, the court overruled the Board on seven objections, but reinstated one signature, resulting in the net invalidation of an additional six signatures. As a result, Supreme Court found that 50 signatures were invalid, leaving a total of 68 valid signatures.[FN1]
On appeal, respondents argue that Supreme Court erred with respect to six specific signatures - one signature for the failure to include the full date opposite the signature, one signature for the signer's failure to include her full and complete address and four signatures for the failure of the signers to accurately describe the City/Town in which they reside. Even were we to agree with respondents and validate those six signatures, the designating petition would nonetheless have a total of 74 signatures, one short of the required 75 signatures needed. Importantly, any [*2]decision on the issues raised on the appeal "would [not] effectually determine an actual controversy between the parties involved" (Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 811 [2003] [internal quotation marks and citation omitted]; cert denied 540 US 1017 [2003]; see Hollandale Apts. & Health Club, LLC v Bonesteel, 173 AD3d 55, 59-60 [2019]). Because no relief can be awarded to respondents that would change the ultimate conclusion that the designating petition does not contain the required number of valid signatures, we affirm Supreme Court's order declaring the designating petition to be invalid.
Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: In a May 13, 2022 memorandum and order, this Court withheld decision and remitted the matter to Supreme Court to clarify what appeared to be a mathematical error in its May 5, 2022 order (___ AD3d ___, 2022 NY Slip Op 03197 [2022]; see CPLR 5019 [a]; Sokoloff v Schor, 176 AD3d 120, 130 [2019]; Berry v Williams, 87 AD3d 958, 961 [2011]; Di Prospero v Ford Motor Co., 105 AD2d 479, 480 [1984]). Supreme Court issued two clarifications, dated May 13 and 14, 2022, correcting its prior order and the matter has now been returned to this Court.