WDF, Inc. v City of New York (2025 NY Slip Op 01728)

WDF, Inc. v City of New York

2025 NY Slip Op 01728

Decided on March 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 20, 2025

Before: Kern, J.P., Singh, Friedman, Scarpulla, Shulman, JJ. 

Index No. 602330/05|Appeal No. 3810-3811|Case No. 2024-02701 2024-02709|

[*1]WDF, Inc., Plaintiff-Appellant,
v
The City Of New York (Jamaica WPCP Contracts 2G and 2P), Defendant-Respondent. 

Duane Morris, LLP, New York (Mark Canizio of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (D. Alan Rosinus, Jr. of counsel), for respondent.

Judgment, Supreme Court, New York County (Lyle E. Frank, J.), entered March 19, 2024, in favor of plaintiff WDF, Inc. and against defendant The City of New York (Jamaica WPCP Contracts 2G and 2P) in the amount of $1,114,929.42 inclusive of prejudgment interest accruing from February 16, 2022, and bringing up for review an order entered October 5, 2023, same court and Justice, which, to the extent appealed from as limited by the briefs, granted in part and denied in part the City's motion for a directed verdict to the extent of limiting WDF's recovery to the sum of $937,586 plus prejudgment interest from accruing February 16, 2022, dismissing WDF's cause of action seeking payment for soil excavation and disposal, and dismissing WDF's cause of action seeking payment for grout removal work, unanimously modified, on the law, to vacate the monetary award, reinstate the cause of action seeking payment for soil excavation and disposal, and reinstate the cause of action seeking payment for grout removal work, and the matter remanded to Supreme Court for further proceedings consistent with this opinion, and otherwise affirmed, without costs. Appeal from the aforementioned order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Supreme Court correctly found that WDF's settlement of the substantial completion payment barred it from seeking prejudgment interest on that claim (see Global Precast, Inc. v. Stonewall Contr. Corp., 78 AD3d 432, 432 [1st Dept 2010]; see also Vintage, LLC v Laws Constr. Corp., 13 NY3d 847, 849 [2009]). The stipulation of settlement and general release are both clear and unambiguous that all claims, "directly or indirectly arising out of the First and Second Causes of Action asserted in this matter, inclusive of interest" were being resolved and that the only aspect of this litigation not encompassed by that settlement were specific claims seeking sums for unpaid and disputed work as set forth in the third cause of action.
Supreme Court erred, however, in finding that by failing to comply with the contract's reporting provisions for extra and disputed work, WDF waived its claim for extra soil excavation and disposal work and its claim of an allegedly improperly assessed credit regarding deleted tank grout work. Under the contract, where a contractor is seeking payment for extra work performed on a time and material basis, it is required to furnish the resident engineer with certain details, including the names of each worker employed on the disputed work, the number of hours employed, character of the work each employee performed, and the cost of materials and machine rentals required to perform the work.
However, the soil work disputed here was not time and materials work, but a unit price item under the contract, with WDF paid based upon how many cubic yards were excavated and removed from the site. An engineer from the City's construction manager agreed that this contract unit price amount would [*2]be the agreed price on the change orders that he created and submitted to the City. Thus, the contract's provision concerning valuing extra work on a time and material basis where the parties cannot agree on the value of extra work does not apply here. The extra/disputed work reporting requirements also do not apply to WDF's grout claim, which concerns the value of work deleted from the contract. WDF could not keep time and materials records for work that the City directed it not to perform in the first place. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 20, 2025