■ SCOTT CAMPBELL, Respondent, v PATRICIA CAMPBELL, Appellant. [754 NYS2d 651] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from so much of an amended judgment of the Supreme Court, Dutchess County (Pagones, J.), dated November 8, 2001, as, after a nonjury trial, awarded the plaintiff a credit for marital debt to be applied against maintenance arrears and future maintenance and failed to award her a further credit against the proceeds of sale of the marital home for repair and improvement expenses in excess of $500.

Ordered that the amended judgment is reversed insofar as appealed from, on the law, with costs, the defendant is awarded a further credit for expenses in excess of the $500 incurred in connection with the repair and improvement of the premises, and the plaintiff is awarded a credit for marital debt to be applied to the proceeds realized from the sale of the marital home; and it is further,

Ordered that the plaintiff shall pay to the defendant the full

maintenance arrearage to which she is entitled within 30 days of the date of this decision and order, and on March 10, 2003, the plaintiff shall commence payment of $150 per week to the defendant, and thereafter shall comply with his maintenance obligations, as provided in the fourth decretal paragraph of the amended judgment.

The defendant previously appealed from stated portions of the Supreme Court's original judgment of divorce, dated April 3, 2000. By decision and order dated August 27, 2001, this Court directed, inter alia, that the marital home be sold when the parties' younger child reaches the age of 18, at which time the proceeds were to be evenly divided, with the defendant receiving credits for any amortization payments she made and for expenses in excess of $500 incurred in connection with the repair and improvement of the premises (see Campbell v Campbell, 286 AD2d 467). The plaintiff was to receive credit for marital debts he paid when the marital home was sold. In the amended judgment of divorce entered following the remittitur, the Supreme Court made no provision crediting the defendant for repair and improvement expenses in excess of $500. Further, the Supreme Court allowed the plaintiff a credit for marital debts he paid, but provided that it was to be applied against maintenance arrears and future maintenance, rather than against proceeds to be realized upon the sale of the marital home. The Supreme Court erred in failing to adhere to the terms of this Court's remittitur (see CPLR 5522 [a]; Maracina v Schirrmeister, 152 AD2d 502; Bouchard v Abbott, 122 AD2d 375; Matter of Jennifer G., 110 AD2d 801; Matter of Barton Realty Corp. v Mangan, 25 AD2d 730; City of New York v Scott, 178 Misc 2d 836).

We decline to consider the plaintiff's contention that there has been a substantial change in his financial circumstances, as he is raising that claim for the first time on this appeal.

The plaintiff's remaining contentions are without merit. Smith, J.P., O'Brien, Krausman and Rivera, JJ., concur.