OPINION OF THE COURT
Smith, J.
The issue before this Court is whether a local civil service commission can establish a residency requirement for an examination for police officers merely by including such a requirement in the notice for the examination. We conclude that it cannot.
In March 1977, the Nassau County Civil Service Commission promulgated rule X, which set forth residency requirements for positions in the Nassau County government and provided that residency requirements for members of the police force be governed by the Public Officers Law.[1] Neither rule X nor the Public Officers Law imposed a residency requirement on candidates for the police officer examination.
On March 1, 1994, the Commission published a notice for Examination No. 4200 for police officers for various police *364 departments in Nassau County. The notice set forth a new residency requirement not contained in rule X or the Public Officers Law.[2] The relevant portion of the civil service examination announcement provides:
“Candidates must have been legal residents of Nassau County and/or a contiguous county (Suffolk, Brooklyn, Queens, Manhattan, Bronx, Staten Island and Westchester) for at least twelve months immediately preceding the date of the written test and maintain residency in Nassau County or a contiguous county until appointment from the eligible list established as a result of this examination. (A candidate’s residency will be investigated and verified before appointment.)”
Petitioner Trager was born in Nassau County and he lived there until he moved to New Paltz to attend college. He remained there until graduation in December of 1993. Thereafter, beginning in 1994, Trager successfully obtained employment at the Goshen Secure Center in Orange County followed by employment at the Ulster County Correctional Facility in Ulster County.
Trager sat for the July 1994 examination. Two years after the examination, he was notified that he had passed the 1994 examination, and his application was proceeding to the next step, a background check that included residency verification. At that time he moved back to Nassau County to continue the application process. On January 22, 1998, Trager submitted a “Residence Statement” to the Commission, claiming that he had continuously maintained his residency within Nassau County and/or the contiguous counties while he went to school or worked elsewhere. On June 30, 1998, upon discovering that Trager lived outside of Nassau or a contiguous county from January 1994 until July 1996, the Commission disqualified Trager as a candidate.
Trager then filed an action for a declaratory judgment seeking to void, as unconstitutional, the action of the Nassau County Civil Service Commission and reversing its decision disqualifying him as a police officer candidate. Supreme Court converted the action to a CPLR article 78 proceeding and denied respondents’ motion to dismiss. Following respondents’ answer, both parties moved for summary judgment. Supreme *365 Court denied petitioner’s motion and granted respondents’ cross motion. The Appellate Division reversed, and this Court granted leave to appeal.
We conclude that the residency requirement for the examination, contained only in the announcement for the examination, is invalid. Civil Service Law § 23 (4-a) permits a municipal civil service commission to require candidates for examination or appointment to comply with certain residency requirements. Moreover, the Commission, in publishing the new residency requirement in the announcement for the examination, failed to comply with the requirements of Civil Service Law § 20, including a public hearing.[3] Therefore, the Commission’s attempt to change the residency requirement for the position of Nassau County police officer was null and void.
Moreover, the Commission’s residency requirement is not contained in either rule X or the Public Officers Law. Subdivision (1) of rule X states that the residency requirements for county government positions are contained in the Nassau County Administrative Code, but provides that “members of the Police Force shall be governed by the requirements set forth in the Public Officers’ Law.” The Public Officers Law, however, does not impose any affirmative residency requirements on examination applicants. Rather, section 3 (2), which limits residency requirements, applies to individuals appointed as police officers, not to examination applicants. Additionally, subdivision (2) of rule X, which imposes a residency requirement on certain examination applicants, applies only to civil divisions within the jurisdiction of the Nassau County Civil Service Commission, not to county police officers.
*366 The Commission’s determination was properly annulled by the Appellate Division.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Kaye and Judges Ciparick, Wesley, Rosenblatt, Graffeo and Read concur.
Order affirmed, with costs.

. Rule X provides in part:
“1. Residence requirements for County positions.
“Residence requirements for positions in County Government shall be those as are set forth in Section 13-1.0, Chapter 13 of the Nassau County Administrative Code, with the exception that members of the Police Force shall be governed by the requirements set forth in the Public Officers’ Law.
“2. Residence requirements for civil divisions within the jurisdiction of the Nassau County Civil Service Commission.
“Every applicant for competitive examination, other than a police officer examination, must be a resident of the County of Nassau for at least one year immediately preceding the date of the examination. Residence requirements may be suspended or reduced by the Commission in cases where the Commission determines that recruitment difficulty makes such requirements disadvantageous to the public interest.”

. The parties agree that the residency requirement refers to a domicile and not a residence.

. Civil Service Law § 20 provides as follows:
“1. Scope of rules. Each municipal civil service commission shall prescribe, amend and enforce suitable rules for carrying into effect the provisions of this chapter and of section six of article five of the constitution of the state of New York, * * * for the position classification of such offices and employments, for examinations therefor and for appointments, * * * in accordance with the provisions of this chapter. * * *
“2. Procedure for adoption of rules. Such rules, and any modifications thereof, shall be adopted only after a public hearing, notice of which has been published for not less than three days, setting forth either a summary of the subject matter of the proposed rules or modifications or a statement of the purpose thereof. * * * The rules and any modifications thereof adopted by a county civil service commission * * * shall be valid and take effect only upon approval of the state civil service commission.”