Alan Wiener, Appellant, v Carolyn Wiener, Respondent. [780 NYS2d 759]—

In a matrimonial action in which the parties were divorced by judgment dated January 9, 1997, the plaintiff father appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Lebowitz, J.), dated February 9, 2004, as, in effect, denied his motion to vacate an order of the same court dated June 18, 2003, which, sua sponte, referred his motion to modify the defendant mother's visitation rights to the Family Court, Bronx County.

Ordered that the order dated February 9, 2004, is reversed, on the law, without costs or disbursements, the motion to vacate the order dated June 18, 2003, is granted, the order dated June 18, 2003, is vacated, and the matter is remitted to the Supreme Court, Queens County for further proceedings consistent herewith.

Upon a prior decision and order of this Court dated March 17, 2003, this matter was remitted to the Supreme Court, Queens County, for complete forensic evaluations of the parties, the

child, and the paternal grandmother, the appointment of a Law Guardian, and a hearing to resolve the issue of the mother's visitation rights (*see Wiener v Wiener,* 303 AD2d 582 [2003]). Instead, the Supreme Court, apparently on its own motion, referred the matter to the Family Court, Bronx County.

Family Court Act § 467 (a) permits the Supreme Court to refer an application to modify visitation to the Family Court. The Supreme Court's June 18, 2003, order was, however, contrary to and beyond the scope of the March 17, 2003, remittitur (*see Gittelson v Gittelson,* 263 AD2d 527 [1999]). "[I]t is well settled that a trial court, upon a remand or remittitur, is without power to do anything except to obey the mandate of the higher court, and render judgment in conformity therewith" (*United States v Pink,* 36 NYS2d 961, 965 [1942]). "The judgment or order entered by the lower court on a remittitur must conform strictly to the remittitur, and it cannot afterwards be set aside or modified by the lower court" (*Matter of Minister, Elders & Deacons of Refm. Prot. Church of City of N.Y. v Municipal Ct. of City of N.Y., Borough of Manhattan,* 185 Misc 1003, 1007 [1945], *affd* 270 App Div 993 [1946], *affd* 296 NY 822 [1947]).

If the remittitur is erroneous in any respect, or if there is any uncertainty as to the effect of the language employed, the appropriate remedy is an application to amend it (*see* CPLR 5524; *Matter of Minister, Elders & Deacons of Refm. Prot. Church of City of N.Y. v Municipal Ct. of City of N.Y., Borough of Manhattan, supra* at 1006). Moreover, when a referral to the Family Court is warranted, it must be to a county within the same judicial district (*see* Family Ct Act § 469 [b]). The Supreme Court "erred in failing to adhere to the terms of this Court's remittitur" (*Campbell v Campbell,* 302 AD2d 345, 346 [2003]) and had no authority to refer this matter to the Family Court, Bronx County. "Trial courts are without authority to vacate or modify orders of the Appellate Division" (*Maracina v Schirrmeister,* 152 AD2d 502, 502-503 [1989]). Accordingly, we reverse and remit this matter to the Supreme Court, Queens County, to comply with our earlier directive. Florio, J.P., Adams, Cozier and Lifson, JJ., concur.