■ ANDREW BLITZER, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [784 NYS2d 528]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered February 28, 2003, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.

The complaint fails to state a claim for either gender or disability discrimination in the hiring process. The assertion that plaintiff was a member of a protected subclass of "attractive males" failed to identify a recognized class protected by statute (*see generally Kent v Papert Cos.*, 309 AD2d 234 [2003]).

Plaintiff has failed to state a claim for disability discrimina-

tion predicated on his hypoglycemia and past drug use. Having been formally rejected for the position for failure to meet the "medical and/or physical requirements" for the job, he failed to allege that his admitted disabilities would not prevent him from performing the duties of subway conductor in a reasonable manner (*see* Executive Law § 292 [21]).

The complaint also failed to state a claim for breach of contract. Nowhere did plaintiff allege or show that he had actually received an appointment to the position of conductor. Simply passing a qualifying test, without more, does not create a contractual right to the position (*see Matter of Andriola v Ortiz*, 82 NY2d 320 [1993], *cert denied sub nom. Andriola v Antinoro*, 511 US 1031 [1994]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Buckley, P.J., Tom, Andrias, Saxe and Marlow, JJ.