■ In the Matter of GREG D. TRAGER, Respondent, v KARL KAMPE et al., Appellants. [791 NYS2d 153]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Nassau County Civil Service Commission, dated June 30, 1998, which disqualified the petitioner from applying for the position of police officer for failing to meet the residency requirement as set forth in the announcement for examination No. 4200, the appeal, by permission, is from an order of the Supreme Court, Nassau County (Joseph, J.), dated May 12, 2004, which denied the motion of Karle Kampe, Executive Director, John H. Senko, Jr., Robert Rosenthal, and Thomas A. Williams, constituting the Nassau County Civil Service Commission, to vacate the note of issue filed by the petitioner on February 19, 2004.

Ordered that the order is reversed on the law, with costs, the

motion is granted, the note of issue is vacated, and the proceeding is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

On March 1, 1994, the Nassau County Civil Service Commission (hereinafter the Commission) published a notice announcing that an open competitive civil service examination (hereinafter examination No. 4200) would be held for the position of Nassau County Police Officer. On June 30, 1998, after the petitioner had completed the examination, the Commission notified him that he was disqualified due to his failure to comply with the announcement's residency requirement.

On October 9, 1998, the petitioner commenced an action for a judgment declaring the residency requirement unconstitutional and violative of Public Officers Law § 3 (2). The Commission moved to dismiss the action. By order dated March 24, 1999, the Supreme Court denied the motion and, sua sponte, converted the action to a proceeding pursuant to CPLR article 78 (*see* CPLR 103 [c]). Following joinder of issue, both parties moved for summary judgment and, by judgment entered May 2, 2000, the Supreme Court denied the petition and dismissed the proceeding.

The petitioner appealed, and by decision and order dated October 22, 2001, this Court reversed the judgment and annulled the determination dated June 30, 1998 (*see Matter of Trager v Kampe,* 287 AD2d 643 [2001]). The Court of Appeals granted the Commission leave to appeal (*see Matter of Trager v Kampe,* 97 NY2d 614 [2002]), and on February 20, 2003, affirmed our October 22, 2001, decision and order (*see Matter of Trager v Kampe,* 99 NY2d 361 [2003]). The record of the proceeding therein was remitted to the Clerk of the Supreme Court "to be proceeded upon according to law" (*see* 22 NYCRR 500.15) i.e., for entry of judgment (*see* CPLR 7806).

Approximately a year later, on February 19, 2004, shortly before the March 18, 2004, expiration of the eligibility list for Examination No. 4200, the petitioner filed a note of issue to place the proceeding on the nonjury trial calendar. The note of issue inaccurately described the proceeding as a declaratory judgment action and, for the first time, demanded $1,000,000 in compensatory damages together with counsel fees, costs, and expenses. On March 26, 2004, the Commission moved to vacate the note of issue and strike the proceeding from the trial calendar. By order dated May 12, 2004, the Supreme Court denied the motion.

A trial court, upon remittitur, lacks the power to deviate from the mandate of the higher court and must render judgment in

conformity therewith. The order or judgment entered by the Supreme Court must conform strictly to the remittitur and cannot thereafter be modified or set aside by the Supreme Court (*see Wiener v Wiener,* 10 AD3d 362, 363 [2004]). Therefore, when the decision and order of this Court dated October 22, 2001, was affirmed by the Court of Appeals, the proceeding "had to be remitted by the Court of Appeals to the trial court [*see* 22 NYCRR 500.15], and on that remittitur the Supreme Court had to enter a judgment" (*Moran Towing & Transp. Co., Inc. v Navigazione Libera Triestina, S.A.,* 92 F2d 37, 40 [2d Cir 1937], *cert denied* 302 US 744 [1937]). The petitioner's filing of a note of issue was contrary to the terms of the remittitur (*see Wiener v Wiener, supra* at 363; *Campbell v Campbell,* 302 AD2d 345, 346 [2003]).

In any event, the petitioner's claim that he is entitled to an award of compensatory damages is without merit. The only remedy a Civil Service examinee in the competitive class may be awarded "for defects in the appointive or promotional process such as that presented here is *not* appointment or promotion, but a judicial direction for reconsideration after the prior defect has been corrected" (*Matter of Andriola v Ortiz,* 82 NY2d 320, 325 [1993]). The petitioner did not seek such reconsideration but instead sought damages in the note of issue for the respondent's failure to appoint him to the position of police officer. However, even assuming that the petitioner passed the examination, he was not automatically entitled to appointment to the position of police officer. "Simply passing a qualifying test, without more, does not create a contractual right to the position" (*Blitzer v New York City Tr. Auth.,* 12 AD3d 222, 223 [2004] and "a candidate for appointment or promotion does not acquire any protected property interest merely by reason of his placement on an eligible list" (*Matter of Wagner v New York City Tr. Auth.,* 266 AD2d 304 [1999]). Santucci, J.P., Krausman, Mastro and Skelos, JJ., concur.