■ In the Matter of the Estate of George J. Ferrara, Deceased. Salvation Army, Respondent-Appellant; Dominick

FERRARA et al., Appellants-Respondents. [858 NYS2d 657]—In a proceeding pursuant to SCPA 2103, inter alia, to disclose and recover certain assets alleged to be a part of the decedent's estate, (1) Dominick Ferrara and John Ferrara appeal, and Elizabeth Ferrara separately appeals, as limited by their respective briefs, from so much of a decree of the Surrogate's Court, Rockland County (Berliner, S.), entered December 12, 2006, as, upon a decision of the same court dated December 12, 2006, made upon remittitur from the Court of Appeals (7 NY3d 244 [2006]), is in favor of the Salvation Army and against them in the principal sum of $830,127, and the Salvation Army cross-appeals from so much of the same decree as denied its motion for an award of prejudgment interest, and (2) Dominick Ferrara and John Ferrara appeal, as limited by their brief, and Elizabeth Ferrara separately appeals, from so much of an order of the same court dated March 22, 2007, as, upon reargument, adhered to a prior determination denying their motion for a hearing on the issue of whether gifts of the decedent's property made by Dominick Ferrara to himself were in the best interest of the decedent, and denied their motion, inter alia, for a hearing to apportion liability.

Ordered that the decree is affirmed insofar as appealed from; and it is further,

Ordered that the decree is reversed insofar as cross-appealed from, on the law, and the matter is remitted to the Surrogate's Court, Rockland County, for the entry of an appropriate amended decree which includes an award of prejudgment interest; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the Salvation Army payable by the appellants-respondents appearing separately and filing separate briefs.

Upon a remittitur, a court is "without power to do anything except to obey the mandate of the higher court" (*Wiener v Wiener,* 10 AD3d 362, 363 [2004] [internal quotation marks omitted]; *see Matter of Trager v Kampe,* 16 AD3d 426, 427-428 [2005]). An order or judgment entered by the lower court on a remittitur "must conform strictly to the remittitur" (*Wiener v Wiener,* 10 AD3d at 363 [internal quotation marks omitted]; *Matter of Trager v Kampe,* 16 AD3d at 428; *Matter of Minister, Elders & Deacons of Refm. Protestant Dutch Church of City of N.Y. v Municipal Ct. of City of N.Y., Borough of Manhattan,* 185 Misc 1003, 1007 [1945], *affd* 270 App Div 993 [1946], *affd* 296 NY 822 [1947]). Here, in denying the motion of Dominick Fer-

rara, Elizabeth Ferrara, and John Ferrara (hereinafter collectively the Ferraras) for a hearing on the issue of whether gifts of the decedent's property made by Dominick Ferrara to himself were in the best interest of the decedent, the Surrogate's Court acted in accordance with the opinion of the Court of Appeals (*see Matter of Ferrara,* 7 NY3d 244, 254-255 [2006]).

However, under the circumstances, the Surrogate's Court should have granted the Salvation Army's motion for an award of prejudgment interest. The decedent bequeathed his entire residuary estate to the Salvation Army. The Salvation Army's "possession" of that property was "interfere[d] with" (CPLR 5001 [a]). Therefore, the matter must be remitted to the Surrogate's Court, Rockland County, for a computation of prejudgment interest and the entry of an appropriate amended decree.

The Ferraras' remaining contentions are without merit. Skelos, J.P., Covello, Eng and Leventhal, JJ., concur.