In a compulsory accounting proceeding, Thelma Davis, the administrator of the estate of James E. Davis, appeals from an order of the Surrogate’s Court, Kings County (Lopez-Torres, S.), *554 dated March 19, 2008, which granted the petitioner’s motion for leave to renew his prior motion, inter alia, to direct the New York City Medical Examiner to provide biological material of the decedent sufficient to conduct genetic marker testing, commonly known as DNA testing, and upon renewal, among other things, directed the New York City Medical Examiner to provide biological material sufficient to conduct genetic marker testing, and denied her cross motion to dismiss the proceeding.
Ordered that the order is reversed, on the law, with costs payable by the petitioner personally, and the matter is remitted to the Surrogate’s Court, Kings County, for a hearing on the issue of whether the decedent openly and notoriously acknowledged the petitioner as his son and for a new determination of (1) the petitioner’s motion for leave to renew his prior motion, inter alia, to direct the New York City Medical Examiner to provide biological material of the decedent sufficient to conduct genetic marker testing, commonly known as DNA testing, and (2) the appellant’s cross motion to dismiss the proceeding, in accordance herewith.
On a prior appeal in this case, this Court reversed an order dated March 18, 2005, granting the petitioner’s original motion, inter alia, to direct the New York City Medical Examiner to provide biological material of the decedent sufficient to conduct genetic marker testing, commonly known as DNA testing, on the ground that the evidence submitted in support of the motion “does not describe an open and notorious acknowledgment of paternity” (Matter of Davis, 27 AD3d 124, 128 [2006]). This Court further noted that “the order must contain safeguards to insure the genetic material provided by the petitioner for comparison is in fact from the petitioner. The order appealed from failed to include such safeguards” {id. at 129-130). The decision stated that “[i]f the petitioner establishes open and notorious acknowledgment by clear and convincing evidence, his motion for DNA testing should be granted” (id. at 129). The decretal paragraph remitted the matter to the Surrogate’s Court, Kings County “for a hearing on the issue of whether the decedent openly and notoriously acknowledged the petitioner as his son and for a new determination of the petitioner’s motion for DNA testing in accordance herewith” (id. at 130).
On February 5, 2008 this Court decided Matter of Poldrugovaz (50 AD3d 117, 121 [2008]), which overruled so much of the decision in Matter of Davis (27 AD3d 124, 129 [2006]), as held that a motion for DNA testing should be denied “absent clear and convincing proof that the decedent openly and notoriously acknowledged that the petitioner was his child” {Matter of *555 Poldrugovaz, 50 AD3d at 119), on the ground that that standard of proof imposed an evidentiary threshold which was “too high.” However, Matter of Poldrugovaz (50 AD3d 117, 121 [2008]) adhered to the holding in Matter of Davis “to the extent it requires a party seeking court-ordered posthumous genetic marking testing to provide some evidence that the decedent openly and notoriously acknowledged paternity prior to obtaining an order authorizing such testing” (Matter of Poldrugovaz, 50 AD3d at 121).
Rather than conduct a hearing as directed by this Court, the Surrogate asked the petitioner to renew his motion, inter alia, to direct the New York City Medical Examiner to provide biological material based upon the decision of this Court in Matter of Poldrugovaz (50 AD3d 117 [2008]). The appellant cross-moved to dismiss the compulsory accounting proceeding on the ground that the motion for renewal “contains no evidence of open and notorious acknowledgment.” The Surrogate, in the order appealed from dated March 19, 2008, granted renewal and, in effect, reinstated its prior order dated March 18, 2005.
Upon remittitur, a court is without power to do anything except to obey the mandate of the court making the remittitur, and if the remittitur is erroneous in any respect, the appropriate remedy is a motion to amend it (see Matter of Ferrara, 50 AD3d 899 [2008]; Wiener v Wiener, 10 AD3d 362 [2004]). Since the order entered upon renewal is contrary to both the determination of the prior appeal in this case (see Matter of Davis, 27 AD3d 124, 128 [2006]) and the subsequent determination of this Court in Matter of Poldrugovaz (50 AD3d 117 [2008]), we reverse and remit the matter to the Surrogate’s Court, Kings County, to comply with our earlier directive (see Wiener v Wiener, 10 AD3d 362 [2004]). However, pursuant to Matter of Poldrugovaz (50 AD3d 117 [2008]), at the hearing upon remittitur, the petitioner need only present some evidence of open and notorious acknowledgment of paternity in order to establish entitlement to genetic marker testing. Rivera, J.E, Skelos, Angiolillo and Balkin, JJ., concur.