In an action, inter alia, to recover damages for breach of *936 contract, (1) the defendants appeal (a), as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Dutchess County (Sproat, J.), dated June 7, 2012, as, upon remittitur from this Court by decision and order dated September 13, 2011 (see Berry v Williams, 87 AD3d 958 [2011]), in effect, denied that branch of their cross motion which was for the entry of an amended judgment which included a calculation of the amount of interest due and owing with respect to each of the principal sums owed and a calculation of the total amount due and owing after calculation of the interest and after taking into account any sums already disbursed by and to the parties, and (b) from an amended judgment of the same court, also dated June 7, 2012, which, upon the order dated June 7, 2012, inter alia, failed to include a calculation of the amount of interest due and owing and failed to specify the total amount due and owing after calculation of the interest and after taking into account any sums already distributed by and to the parties, and (2) the plaintiffs cross-appeal (a) from stated portions of the order dated June 7, 2012, and (b) from the amended judgment dated June 7, 2012.
Ordered that the cross appeals are dismissed as abandoned (see 22 NYCRR 670.8 [e]); and it is further,
Ordered that the appeal from the order is dismissed; and it is further,
Ordered that the amended judgment is reversed, on the law, that branch of the defendants’ cross motion which was for the entry of an amended judgment which included a calculation of the amount of interest due and owing with respect to each of the principal sums owed and a calculation of the total amount due and owing after calculation of the interest and after taking into account any sums already disbursed by and to the parties is granted, the order is modified accordingly, and the matter is remitted to the Supreme Court, Dutchess County, for calculation of the interest due on each of the principal awards consistent with this Court’s decision and order dated September 13, 2011 (see Berry v Williams, 87 AD3d 958 [2011]), and for the entry of a second amended judgment in accordance herewith; and it is further,
Ordered that one bill of costs is awarded to the defendants.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the amended judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the amended judgment (see CPLR 5501 [a] [1]).
*937 After two stipulations of settlement that were placed on the record in open court, several hearings, several motions, and five appeals, which this Court dismissed for various procedural reasons, the Supreme Court issued a judgment dated June 23, 2009, awarding the defendants certain principal sums reflecting amounts owed by the plaintiffs for various services and outstanding loans. The defendants appealed and the plaintiffs cross-appealed from that judgment.
By decision and order dated September 13, 2011 (see Berry v Williams, 87 AD3d 958 [2011]), this Court modified that judgment, determining that the Supreme Court failed to award certain prejudgment interest on the various principal sums awarded to the defendants, but affirmed the principal sums awarded to the defendants. This Court remitted the matter “for calculation of the interest due . . . and the entry of an appropriate amended judgment thereafter” (Berry v Williams, 87 AD3d at 959).
Upon remittitur, the plaintiffs moved and the defendants cross-moved for the entry of an amended judgment, each of the parties setting forth their calculations of the interest that had accrued on each of the principal sums awarded and the total amount due and owing after taking into account certain preliminary payments already made to the defendants. In an, order dated June 7, 2012, the Supreme Court granted the motion and the cross motion “to the extent” that the judgment was amended “in accordance” with this Court’s decision and. order. The motion and cross motion were otherwise denied.
In an amended judgment also dated June 7, 2012, the Supreme Court amended the decretal paragraphs of the judgment dated June 23, 2009, consistent with this Court’s decision and order dated September 13, 2011, so as to generally award prejudgment interest as specified by this Court. However, the Supreme Court failed to compute the amount of interest that had accrued on each of the principal awards and failed to otherwise set forth the total amount due and owing after calculation of the interest and after taking into account any sums already received by the defendants.
“A trial court, upon remittitur, lacks the power to deviate from the mandate of the higher court” (Matter of Trager v Kampe, 16 AD3d 426, 427 [2005]; see Matter of Ferrara, 50 AD3d 899, 900 [2008]; Sweeney, Cohn, Stahl & Vaccaro v Kane, 33 AD3d 785, 786 [2006]; Kopsidas v Krokos, 18 AD3d 822, 823 [2005]; Wiener v Wiener, 10 AD3d 362, 363 [2004]). “An order or judgment entered by the lower court on a remittitur ‘must conform strictly to the remittitur’ ” (Matter of Ferrara, 50 AD3d at 900, quoting Wiener v Wiener, 10 AD3d at 363).
*938 Here, the Supreme Court erred in failing to adhere to the terms of this Court’s remittitur by failing to compute the amount of interest that has accrued on each of the principal sums awarded by the Supreme Court and by failing to set forth the total amount due and owing, expressed as a single sum, after calculation of the interest and after taking into account any sums already received by the defendants (see Campbell v Campbell, 302 AD2d 345, 346 [2003]; Bouchard v Abbott, 122 AD2d 375, 375 [1986]). Since the parties dispute the exact amount that has already been received by the defendants and how the sums already received affect the calculation of interest due (compare Johs v P.G.S. Carting Co., Inc., 40 AD3d 929, 934 [2007]), we remit the matter to the Supreme Court, Dutchess County, for the computation of interest due on each of the principal sums, taking into account the sums already received by the defendants and the dates those sums were received, and thereafter for the entry of a second amended judgment setting forth the total sum due and owing, expressed as a single sum. Mastro, J.E, Leventhal, Sgroi and Miller, JJ., concur.