Appeals from (1) an order of the Supreme Court, Westchester County (Janet C. Malone, J.), dated November 20, 2015, (2) an order of that court dated December 15, 2015, (3) a money judgment of that court dated December 24, 2015, (4) another money judgment of that court, also dated December 24, 2015, and (5) a bill of costs dated December 24, 2015. The order dated November 20, 2015, upon remittitur from this Court by decision and order dated December 10, 2014 (Stassa v Stassa, 123 AD3d 804 [2014]), (1) denied the defendant’s motion, in effect, for a hearing to determine the cost of living adjustment increases owed to the plaintiff by him from the date of commencement of this action to the present, (2) determined that the defendant owed the plaintiff the sum of $720,128.83 representing cost of living maintenance increases in the sum of $511,438.68 for the period of May 2008 through April 2015 plus statutory interest in the sum of $208,690.15 for the period of May 2008 through November 2015, and (3) directed the entry of two money judgments against the defendant in that collective amount. The order dated December 15, 2015, directed the defendant to pay maintenance to the plaintiff in the sum of $10,678.39 a month commencing on December 1, 2015. The first money judgment dated December 24, 2015, is in favor of the plaintiff and against the defendant in the total sum of $489,056.67. The second money judgment dated December 24, 2015, is in favor of the plaintiff and against the defendant in the total sum of $232,072.16.
 

 Ordered that the appeal from so much of the order dated November 20, 2015, as determined that the defendant owed the plaintiff the sum of $720,128.83 representing cost of living maintenance increases in the sum of $511,438.68 for the period of May 2008 through April 2015 plus statutory interest in the sum of $208,690.15 for the period of May 2008 through November 2015, and directed the entry of two money judgments against the defendant in that collective amount is dismissed on the ground that those portions of the order were superseded by the money judgments; and it is further,
 

 Ordered that the order dated November 20, 2015, is reversed insofar as reviewed, and the defendant’s motion, in effect, for a hearing to determine the cost of living adjustment increases owed to the plaintiff by him from the date of commencement of this action to the present is granted; and it is further,
 

 Ordered that the order dated December 15, 2015, is reversed, on the law; and it is further,
 

 Ordered that the appeal from the bill of costs dated December 24, 2015, is dismissed on the ground that it is not an appeal-able paper (see CPLR 5512, 5701); and it is further,
 

 Ordered that the money judgments are reversed, on the law, the provision of the order dated November 20, 2015, which determined that the defendant owed the plaintiff the sum of $720,128.83 representing cost of living maintenance increases in the sum of $511,438.68 for the period of May 2008 through April 2015 plus statutory interest in the sum of $208,690.15 for the period of May 2008 through November 2015, is vacated, and the matter is remitted to the Supreme Court, Westchester County, for a determination in accordance herewith and for the entry of appropriate amended money judgments thereafter; and it is further,
 

 Ordered that one bill of costs is awarded to the defendant.
 

 In 1983, the plaintiff and the defendant executed a stipulation of settlement (hereinafter the 1983 stipulation) resolving all issues in their then-pending divorce action. As relevant to this action, the stipulation provided that “[s]o long as both parties shall live and the [plaintiff] shall not have remarried,” the defendant would pay maintenance to the plaintiff, which would be adjusted to reflect a cost of living adjustment (hereinafter COLA) as of the first Monday of each May commencing in 1984 (see Stassa v Stassa, 123 AD3d 804, 804 [2014]). The parties were divorced by a judgment entered September 16, 1983, and the stipulation was not incorporated into the judgment of divorce (see id.).
 

 It is undisputed that although the defendant has made monthly maintenance payments over the years, the payment amount has not been adjusted to include annual COLA increases. In May 2008, the plaintiff commenced this action alleging that the defendant had breached the 1983 stipulation by failing to adjust his maintenance payments to include the annual COLA increases as provided for in the stipulation (see id.). During a nonjury trial, the parties entered into a stipulation dated September 7, 2012 (hereinafter the 2012 stipulation), in which they agreed that a certain accountant’s report correctly set forth the annual COLA increases in accordance with the 1983 stipulation, as they would have accrued over the years through August 2012. In the stipulation, however, the defendant agreed only to the accuracy of the report, and disputed that he owed such increases, contending instead that the plaintiff had waived her right to the COLA increases.
 

 After the trial, the Supreme Court dismissed the complaint, finding that the plaintiff waived her right to COLA increases (see id.). On appeal from the judgment dismissing the complaint, this Court found that the plaintiff voluntarily relinquished her right to receive maintenance COLA increases from 1984 through May 2008, but that, upon her commencement of this action in May 2008, her waiver was withdrawn (see id. at 806). Accordingly, we reversed the judgment and remitted the matter to the Supreme Court for a determination of the COLA increases owed to the plaintiff by the defendant from the date of commencement of this action to the present, with prejudgment interest calculated thereon from May 2008 pursuant to CPLR 5001, and for the entry of an appropriate amended judgment thereafter (see id. at 807).
 

 Upon remittitur, the defendant moved, in effect, for a hearing to determine the COLA increases owed to the plaintiff by him from the date of commencement of this action to the present. The Supreme Court denied the motion, finding that the 2012 stipulation was controlling, and therefore the calculations for the period through August 2012 were not in dispute. The court therefore awarded the plaintiff maintenance COLA increases in the sum of $320,052.60 for the period of May 2008 through August 2012, as set forth in the 2012 stipulation, and also awarded statutory interest in the sum of $168,004.07 for that period. As for the period of September 2012 through April 2015, the court purported to apply the formula set forth in the 1983 stipulation and awarded the plaintiff the sum of $191,386.08 for maintenance COLA increases, plus $40,686.08 in statutory interest. The defendant appeals.
 

 “A trial court, upon remittitur, lacks the power to deviate from the mandate of the higher court” (Matter of Trager v Kampe, 16 AD3d 426, 427 [2005]; see Matter of Ferrara, 50 AD3d 899, 900 [2008]; Sweeney, Cohn, Stahl & Vaccaro v Kane, 33 AD3d 785, 786 [2006]; Kopsidas v Krokos, 18 AD3d 822, 823 [2005]; Wiener v Wiener, 10 AD3d 362, 363 [2004]). “An order or judgment entered by the lower court on a remittitur ‘must conform strictly to the remittitur’ ” (Matter of Ferrara, 50 AD3d at 900, quoting Wiener v Wiener, 10 AD3d at 363).
 

 Here, the Supreme Court erred in failing to adhere to the terms of this Court’s remittitur by, in effect, determining that pursuant to the 2012 stipulation, the plaintiff was entitled to yearly COLA increases commencing from 1984 through November 2015. That stipulation explicitly stated that the parties had not agreed as to whether the defendant owed the plaintiff COLA increases, and the issue would be decided by the court. In this Court’s prior decision and order, it was decided that the plaintiff had waived her right to receive maintenance COLA increases from 1984 until May 2008. Consequently, the Supreme Court erred in finding that the 2012 stipulation was controlling, and in relying upon the attendant accountant’s report, which calculated compounded maintenance COLA increases based on the erroneous assumption that the plaintiff had received the increases from May 1984 through April 2008. Furthermore, the court erred in the manner in which it calculated the amounts owed for September 2012 through April 2015, resulting in a significant over-assessment of the maintenance owed.
 

 Accordingly, we remit this matter to the Supreme Court, Westchester County, for further proceedings, including a hearing to determine the COLA increases owed to the plaintiff by the defendant from the date of commencement of this action to the present, with prejudgment interest calculated thereon from May 2008 pursuant to CPLR 5001, and for the entry of an appropriate amended judgment thereafter.
 

 Mastro, J.P., Leventhal, Maltese and Brathwaite Nelson, JJ., concur.