Gargiulo v Gargiulo (2020 NY Slip Op 02918)





Gargiulo v Gargiulo


2020 NY Slip Op 02918


Decided on May 20, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-06823
 (Index No. 5300/14)

[*1]Maria E. Gargiulo, appellant,
v
Joseph P. Gargiulo, respondent.


Moran & Brodrick, Garden City, NY (Robert H. Brodrick of counsel), for appellant.
Ronald S. Zimmer (Richard Paul Stone, New York, NY, of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from a judgment of divorce of the Supreme Court, Suffolk County (John J. Leo, J.), entered June 19, 2017. The judgment of divorce, insofar as appealed from, upon a decision and order of the same court (Jennifer A. Buetow, Ct. Atty. Ref.) dated November 29, 2016, made after a nonjury trial, (1) awarded the plaintiff maintenance in the sum of only $4,000 per month for a period of seven years, (2) awarded the defendant credits for 100% of the payments he made during the pendency of the action to reduce the principal balance on marital loans held against three vehicles and a boat, (3) awarded the defendant a net credit "totaling $7,687 per month less any and all car loan payments" against his maintenance obligation for indirect temporary maintenance paid pursuant to a pendente lite order dated July 28, 2015, (4), in effect, awarded the defendant an additional credit against the plaintiff's share of the net proceeds from the sale of the marital residence for 50% of the payments that he made to reduce the principal balance of the mortgage for the marital residence from the date the action was commenced until the date of closing for the sale of the marital residence, and (5) calculated the parties' respective child support obligations.
ORDERED that the judgment of divorce is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof awarding the defendant credits for 100% of the payments he made during the pendency of the action to reduce the principal balance on marital loans held against three vehicles and a boat, and substituting therefor a provision awarding the defendant credits against the plaintiff's proceeds from the sale of each of the three vehicles and the boat for 50% of the payments he made during the pendency of the action to reduce the principal balance on the loans for each of these items, (2) by deleting the provision thereof awarding the defendant a net credit "totaling $7,687 per month less any and all car loan payments" against his maintenance obligation for indirect temporary maintenance paid pursuant to the pendente lite order dated July 28, 2015, and substituting therefor a provision awarding the defendant a net credit against his maintenance obligation for indirect temporary maintenance paid pursuant to the pendente lite order dated July 28, 2015, in an amount to be calculated by the Supreme Court, representing 50% of the payments he made pursuant to the pendente lite order for the mortgage and carrying charges on the marital residence, 50% of the payments he made pursuant to the pendente lite order toward the automobile insurance for the parties' vehicles during the action, 50% of the payments he made pursuant to the pendente lite order toward a loan to the extent the court determined that this loan [*2]constituted a marital debt, and the plaintiff's share of the payments the defendant made pursuant to the pendente lite order toward the cost of the medical insurance plan for the plaintiff and for the parties' children, (3) by deleting the provision, in effect, awarding the defendant an additional credit against the plaintiff's share of the net proceeds from the sale of the marital residence for 50% of the payments that he made to reduce the principal balance of the mortgage for the marital residence from the date the action was commenced until the date of closing for the sale of the marital residence, and substituting therefor a provision awarding the defendant a credit against the plaintiff's share of the net proceeds from the sale of the marital residence for 50% of the payments that he made to reduce the principal balance of the mortgage for the marital residence only to the extent that these credits are not awarded as part of the net credit against his maintenance obligation for indirect temporary maintenance paid pursuant to the pendente lite order, and (4) by deleting the provision thereof awarding the plaintiff child support in the sum of $1,730.68 per month for the period from March 12, 2014, through April 6, 2016; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith, and for the entry of an appropriate amended judgment of divorce thereafter.
The parties were married in September 1994 and have three children together. The plaintiff commenced this action for a divorce and ancillary relief on March 12, 2014. By a judgment of divorce entered June 19, 2017, upon a decision and order dated November 29, 2016, the Supreme Court, inter alia, determined issues of maintenance, equitable distribution, marital debt, and child support. In particular, the court awarded the plaintiff durational maintenance in the sum of $4,000 per month for a period of seven years. The court also directed that the parties would share equally the net proceeds from the sale of the marital residence, which was sold in September 2016. The court awarded the defendant certain credits against the plaintiff's share of the proceeds, based on evidence that the defendant had made payments to reduce the mortgage principal for the marital home during the pendency of the action, and that the plaintiff had not made any such payments. The court also found that three vehicles and a boat were marital property, and directed the sale of these items. As agreed by the parties, the court directed that the plaintiff and the defendant would each purchase one of the vehicles. Based upon evidence that the defendant made payments to reduce the loans against the three vehicles and the boat during the pendency of the action, and that the plaintiff had not made any such payments, the court awarded the defendant certain credits against the plaintiff's share of the proceeds from the sale of these items. The plaintiff appeals.
Contrary to the plaintiff's contention, the Supreme Court did not improvidently exercise its discretion in declining to award her nondurational maintenance in the sum of $7,000 per month. "The amount and duration of spousal maintenance is committed to the sound discretion of the trial court, and each case is to be decided on its own unique facts" (Diwan v Diwan, 135 AD3d 807, 809; see Jankovic v Jankovic, 170 AD3d 1134, 1135). "The factors to be considered in awarding maintenance include the standard of living of the parties during the marriage, the income and property of the parties, the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacity of both parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capacity of the party seeking maintenance" (Repetti v Repetti, 147 AD3d 1094, 1096-1097 [internal quotation marks omitted]). " The overriding purpose of a maintenance award is to give the spouse economic independence, and it should be awarded for a duration that would provide the recipient with enough time to become self-supporting'" (Groesbeck v Groesbeck, 51 AD3d 722, 723, quoting Sirgant v Sirgant, 43 AD3d 1034, 1035). Here, taking into consideration the circumstances of this case and of the respective parties, including the plaintiff's age, limited work history, and medical issues, as well as the parties' marital standard of living, the Supreme Court providently exercised its discretion in awarding the plaintiff durational maintenance in the sum of $4,000 per month for a period of seven years (see Gordon v Gordon, 113 AD3d 654; Abrams v Abrams, 57 AD3d 809, 810).
The Supreme Court improvidently exercised its discretion in awarding the defendant credits for 100% of the payments that he made to reduce the principal on marital loans held against a Honda vehicle, a Ford vehicle, a Volkswagen vehicle, and an Albin boat while the action was pending, to be paid from the plaintiff's share of the net proceeds following the sale of each of these [*3]items. "The burden of repaying marital debt should be equally shared by the parties, in the absence of countervailing factors, and any such liability should be distributed in accordance with general equitable distribution principles and factors" (Uttamchandani v Uttamchandani, 175 AD3d 1457, 1458-1459). Where a party has paid the other party's share of what proves to be marital debt, reimbursement is required (see Le v Le, 82 AD3d 845, 845; Epstein v Messner, 73 AD3d 843, 845). Here, the court found that these three vehicles and the boat were marital assets subject to equitable distribution. Thus, the defendant is entitled to a credit for only 50% of the payments that he made to reduce the principal on marital loans held against the three vehicles and the boat, to be paid from the plaintiff's share of the proceeds of the sale of each of these assets (see Uttamchandani v Uttamchandani, 175 AD3d at 1459; Le v Le, 82 AD3d at 846; Grasso v Grasso, 47 AD3d 762).
The Supreme Court improvidently exercised its discretion in awarding the defendant a net credit for the indirect temporary maintenance payments that he made pursuant to a pendente lite order dated July 28, 2015, in the sum of "$7,687 per month less any and all car loan payments." This sum represents 100% of the payments that the defendant made toward the principal balance on the mortgage and carrying costs for the marital residence, the automobile insurance for the parties' vehicles, a loan, the medical insurance premium for the parties and their three children, and the defendant's life insurance policy. The defendant is entitled to a credit for only 50% of the payments that he made to reduce the mortgage principal and for the carrying costs for the marital home, 50% of the payments that he made for the automobile insurance for the parties' vehicles, and 50% of the payments that he made to reduce the principal on the loan to the extent that the Supreme Court determined that the loan constituted a marital debt (see Uttamchandani v Uttamchandani, 175 AD3d at 1459; Bogdan v Bogdan, 260 AD2d 521). The defendant is also entitled to a credit for only so much of the amount paid towards the parties' medical insurance as was for the plaintiff and the plaintiff's share of the cost of the medical insurance for the parties' children as otherwise determined by the judgment of divorce. The defendant is not entitled to a credit for the payments he made for the life insurance policy.
Moreover, because the defendant is entitled to a credit for 50% of the payments that he made pursuant to the pendente lite order to reduce the mortgage principal for the marital home, the provision of the judgment of divorce awarding him a credit against the plaintiff's share of the net proceeds from the sale of the marital residence for 50% of the payments that he made to reduce the principal balance of the mortgage for the marital residence is duplicative. Therefore, the defendant is entitled to such credits only to the extent that they are not also awarded as part of the net credit against his maintenance obligation for indirect temporary maintenance paid pursuant to the pendente lite order. Accordingly, upon remittal, the Supreme Court should determine the amount of the net credit due to the defendant in accordance herewith.
The Supreme Court failed to properly calculate child support pursuant to the Child Support Standards Act (see Domestic Relations Law § 240[1-b]) for the period from March 12, 2014, when the action was commenced, to April 6, 2016, when the parties' oldest child became emancipated. The version of Domestic Relations Law § 240(1-b) in effect at the time this action was commenced did not include alimony or maintenance as part of the recipient's income for child support purposes (see Domestic Relations Law former § 240[1-b][b][5]; L 2015, ch 567). Thus, in determining child support, the court improperly included the amount of the maintenance awarded to the plaintiff in determining her income for the purpose of calculating the parties' child support obligations (see Weidner v Weidner, 136 AD3d 1425; Simon v Simon, 55 AD3d 477). Accordingly, upon remittal, the court should recalculate the parties' respective child support obligations for the period of time between the commencement of this action on March 12, 2014, and the emancipation of the parties' oldest child as of April 6, 2016.
AUSTIN, J.P., ROMAN, MALTESE and LASALLE, JJ., concur.

2017-06823 DECISION & ORDER ON MOTION
Maria E. Gargiulo, appellant,
v Joseph P. Gargiulo, respondent.
(Index No. 5300/14)

Motion by the respondent to strike the first three points of the appellant's reply brief on an appeal from a judgment of divorce of the Supreme Court, Suffolk County, entered June 19, 2017, on the ground that they improperly raise issues for the first time in reply. By decision and order on motion of this Court dated June 3, 2019, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion is granted to the extent that Point I and Point III are stricken from the appellant's reply brief and have not been considered in the determination of the appeal, and the motion is otherwise denied.
AUSTIN, J.P., ROMAN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court