Daniele v Pain Mgt. Ctr. of Long Is. (2020 NY Slip Op 07860)





Daniele v Pain Mgt. Ctr. of Long Is.


2020 NY Slip Op 07860


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2019-08806
 (Index No. 4936/12)

[*1]Arlene Daniele, respondent, 
v
Pain Management Center of Long Island, et al., defendants, Neil B. Kirschen, etc., et al., appellants.


Fumuso, Kelly, Swart, Farrell, Polin & Christesen, LLP, Hauppauge, NY (Scott G. Christesen of counsel), for appellant Neil B. Kirschen.
Bower Law P.C. (Mauro Lilling Naparty LLP, Woodbury, NY [Caryn L. Lilling and Katherine Herr Solomon], of counsel), for appellants Winthrop University Hospital and Linda W. Roberts.
The Gucciardo Law Firm, PLLC (Shayne, Dachs, New York, NY [Jonathan A. Dachs], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice, the defendant Neil B. Kirschen appeals, by permission, and the defendants Winthrop University Hospital and Linda W. Roberts separately appeal, by permission, from an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), entered July 1, 2019. The order directed that upon remittitur for a new trial by decision and order of this Court dated January 9, 2019 (Daniele v Pain Mgt. Ctr. of Long Is., 168 AD3d 672), the issues to be retried shall be limited to the apportionment of liability among the defendants.
ORDERED that the order is reversed, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, and the matter is remitted to the Supreme Court, Nassau County, for a new trial on the issues of liability and damages with respect to the defendants Neil B. Kirschen, Winthrop University Hospital, and Linda W. Roberts.
The underlying facts are summarized in our decision and order determining a prior appeal in this action (see Daniele v Pain Mgt. Ctr. of Long Is., 168 AD3d 672). The decretal paragraph in that decision and order provided that "the matter is remitted to the Supreme Court, Nassau County, for a new trial on the issue of liability with respect to the defendants Neil B. Kirschen, Winthrop University Hospital, and Linda W. Roberts" (id. at 673). Upon remittitur, after conferencing the matter with counsel and the submission of letters from counsel, the Supreme Court issued an order limiting the new trial to issues of apportionment of liability among the defendants and nonparty doctors. We reverse.
"'A trial court, upon remittitur, lacks the power to deviate from the mandate of the higher court"' (Berry v Williams, 106 AD3d 935, 937, quoting Matter of Trager v Kampe, 16 AD3d 426, 427; see Reilly v Achitoff, 160 AD3d 998, 999). "An order or judgment entered by the lower [*2]court on a remittitur 'must conform strictly to the remittitur'" (Matter of Ferrara, 50 AD3d 899, 900, quoting Wiener v Wiener, 10 AD3d 362, 363). The language in the decretal paragraph controls the extent of the remittitur (see Long Is. Pine Barrens Socy., Inc. v County of Suffolk, 173 AD3d 1154).
Here, there is no limiting language in the decretal paragraph of our prior decision and order that would indicate that the new trial would be on issues of apportionment of liability among the defendants. Further, there is no language in that decretal paragraph indicating that the damages awards remain undisturbed. Accordingly, the Supreme Court should not have limited the new trial to issues of apportionment of liability among the defendants.
RIVERA, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court