Matter of Country-Wide Ins. Co. v Hills (2023 NY Slip Op 03862)

Matter of Country-Wide Ins. Co. v Hills

2023 NY Slip Op 03862

Decided on July 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2020-09276
 (Index No. 715098/17)

[*1]In the Matter of Country-Wide Insurance Company, petitioner-respondent, 
v
Susanne Hills, et al., appellants; Laura Nesha Dulin, et al., proposed additional respondents-respondents.

Krentsel Guzman Hebert, LLP, New York, NY (Marcia K. Raicus and Mischel & Horn, P.C. [Scott T. Horn], of counsel), for appellants.
Gail S. Lauzon, Hicksville, NY (Susan J. Mitola of counsel), for proposed additional respondents-respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, or in the alternative, to temporarily stay arbitration and to add Laura Nesha Dulin and GEICO Indemnity Company as additional respondents in the proceeding, Susanne Hills and Precious Hills appeal from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered November 30, 2020. The order, insofar as appealed from, denied that branch of the motion of Susanne Hills and Precious Hills which was for a framed-issue hearing and granted that branch of the petition which was to permanently stay arbitration.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The underlying facts are summarized in our decision and order determining a prior appeal in this proceeding (see Matter of Country-Wide Ins. Co. v Hills, 173 AD3d 861). The decretal paragraph in that decision and order provided that "the matter is remitted to the Supreme Court, Queens County, for further proceedings, including the amendment of the caption in accordance herewith" (id. at 862).
Susanne Hills and Precious Hills (hereinafter together the appellants) moved, inter alia, for a framed-issue hearing, purportedly in accordance with this Court's decision and order in the prior appeal. The proposed additional respondents opposed the appellants' motion. In an order entered November 30, 2020, the Supreme Court, among other things, denied that branch of the appellants' motion and granted that branch of the petition which was to permanently stay arbitration. This appeal ensued.
"'A trial court, upon remittitur, lacks the power to deviate from the mandate of the higher court'" (Berry v Willaims, 106 AD3d 935, 937, quoting Matter of Trager v Kampe, 16 AD3d 426, 427; see Daniele v Pain Mgt. Ctr. of Long Is., 189 AD3d 1351; Long Is. Pine Barrens Socy., Inc. v County of Suffolk, 173 AD3d 1154, 1156; Reilly v Achitoff, 160 AD3d 998, 999; Wiener v Wiener, 10 AD3d 362, 363; Campbell v Campbell, 302 AD2d 345, 346). "An order or judgment entered by the lower court on a remittitur 'must conform strictly to the remittitur'" (Matter of [*2]Ferrara, 50 AD3d 899, 900, quoting Wiener v Wiener, 10 AD3d at 363). "If the remittitur is erroneous in any respect, or if there is any uncertainty as to the effect of the language employed, the appropriate remedy is an application to amend it" (Wiener v Wiener, 10 AD3d at 363; see CPLR 5524). Further, the language in the decretal paragraph of this Court's decision and order controls the extent of the remittitur (see Daniele v Pain Mgt. Ctr. of Long Is., 189 AD3d at 1352; Long Is. Pine Barrens Socy., Inc. v County of Suffolk, 173 AD3d at 1156).
Contrary to the appellants' contention, the Supreme Court's denial of that branch of their motion which was for a framed-issue hearing was consistent with the terms of this Court's remittitur in this matter, as this Court did not remit the matter for a framed-issue hearing (see Matter of Country-Wide Ins. Co. v Hills, 173 AD3d at 862; cf. Matter of Hertz Corp. v Holmes, 106 AD3d 1001, 1002). Further, as the petitioner established, prima facie, that the offending vehicle was insured at the time of the accident, and the appellants failed to raise a question of fact as to whether the offending vehicle was insured, the Supreme Court properly granted that branch of the petition which was to permanently stay arbitration (see Matter of Government Empls. Ins. Co. v Charris, 192 AD3d 688, 689; Matter of Metropolitan Prop. & Cas. Ins. Co. v Singh, 98 AD3d 580, 581).
In light of our determination, we do not reach the parties' remaining contentions.
CONNOLLY, J.P., CHAMBERS, WOOTEN and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court