Gargiulo v Gargiulo (2025 NY Slip Op 02322)

Gargiulo v Gargiulo

2025 NY Slip Op 02322

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2021-03663
 (Index No. 5300/14)

[*1]Maria E. Gargiulo, respondent,
v
Joseph P. Gargiulo, appellant.

Ronald Zimmer (Richard Paul Stone, New York, NY, of counsel), for appellant.
Moran & Brodrick, Garden City, NY (Robert H. Brodrick of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Suffolk County (John J. Leo, J.), dated May 4, 2021. The order, insofar as appealed from, upon remittitur from this Court by decision and order dated May 20, 2020 (see Gargiulo v Gargiulo, 183 AD3d 803), awarded the defendant a net credit against his maintenance obligation for indirect temporary maintenance paid pursuant to a pendente lite order dated July 28, 2015, in the sum of only $48,575.41.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order dated May 4, 2021, is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent with this Court's decision and order dated May 20, 2020 (see Gargiulo v Gargiulo, 183 AD3d 803).
The parties were divorced by judgment of divorce entered June 19, 2017. Insofar as is pertinent to this appeal, pursuant to the judgment of divorce, which was issued upon a decision and order dated November 29, 2016, the Supreme Court determined, inter alia, that the defendant was entitled to a net credit "'totaling $7,687 per month less any and all car loan payments' against his maintenance obligation for indirect temporary maintenance paid pursuant to a pendente lite order dated July 28, 2015." On the plaintiff's ensuing appeal from stated portions of the judgment of divorce (see Gargiulo v Gargiulo, 183 AD3d 803), this Court, among other things, determined that the Supreme Court "improvidently exercised its discretion in awarding the defendant a net credit for the indirect temporary maintenance payments that he made pursuant to a pendente lite order dated July 28, 2015, in the sum of '$7,687 per month less any and all car loan payments,'" and that "[t]he defendant is entitled to a credit for only 50% of the payments that he made to reduce the mortgage principal and for the carrying costs for the marital home" (id. at 807). Accordingly, the decretal paragraph of this Court's decision and order, inter alia, modified the judgment of divorce by deleting so much thereof as "award[ed] the defendant a net credit 'totaling $7,687 per month less any and all car loan payments' against his maintenance obligation for indirect temporary maintenance paid pursuant to the pendente lite order dated July 28, 2015," substituted therefor "a provision awarding [*2]the defendant a net credit against his maintenance obligation for indirect temporary maintenance paid pursuant to the pendente lite order dated July 28, 2015, in an amount to be calculated by the Supreme Court, representing 50% of the payments he made pursuant to the pendente lite order for the mortgage and carrying charges on the marital residence," and remitted the matter "to the Supreme Court . . . for further proceedings in accordance herewith, and for the entry of an appropriate amended judgment of divorce thereafter" (id. at 804-805 [emphasis added]).
Upon remittitur, the defendant submitted uncontroverted evidence that he made 31 monthly payments pursuant to the pendente lite order for the mortgage and carrying charges on the marital residence in the sum of $4,913 per month, for which the judgment of divorce had previously awarded him a 100% credit. The defendant calculated that, pursuant to this Court's decision and order dated May 20, 2020 (see Gargiulo v Gargiulo, 183 AD3d 803), he was therefore entitled to a 50% credit for these payments in the total sum of $76,151.50.
In an order dated May 4, 2021, the Supreme Court determined that the defendant was entitled to a credit for the payments he made pursuant to the pendente lite order for the mortgage and carrying charges on the marital residence in the sum of only $48,575.41. In calculating the 50% credit due pursuant to this Court's decision and order dated May 20, 2020 (see Gargiulo v Gargiulo, 183 AD3d 803), the Supreme Court determined that the defendant was not entitled to any credit for so much of the payments made pursuant to the pendente lite order as were for mortgage interest and telephone charges for the marital residence. The defendant appeals.
"'A trial court, upon remittitur, lacks the power to deviate from the mandate of the higher court'" (Stassa v Stassa, 155 AD3d 662, 665, quoting Matter of Trager v Kampe, 16 AD3d 426, 427; see Favourite Ltd. v Cico, 42 NY3d 250, 257; Matter of Country-Wide Ins. Co. v Hills, 218 AD3d 678). "'An order or judgment entered by the lower court on a remittitur must conform strictly to the remittitur'" (Daniele v Pain Mgt. Ctr. of Long Is., 189 AD3d 1351, 1352 [internal quotation marks omitted], quoting Matter of Ferrara, 50 AD3d 899, 900). "The language in the decretal paragraph controls the extent of the remittitur" (Daniele v Pain Mgt. Ctr. of Long Is., 189 AD3d at 1352; see Matter of Country-Wide Ins. Co. v Hills, 218 AD3d at 680). "'If the remittitur is erroneous in any respect, or if there is any uncertainty as to the effect of the language employed, the appropriate remedy is an application to amend it'" (Country-Wide Ins. Co. v Hills, 218 AD3d at 679-680, quoting Wiener v Wiener, 10 AD3d 362, 363).
Here, the Supreme Court failed to adhere to the terms of this Court's remittitur by, in effect, reconsidering the defendant's entitlement to a credit for payments that he made pursuant to the pendente lite order for mortgage interest and telephone charges for the marital residence. Insofar as is relevant to this appeal, the decretal paragraph of this Court's decision and order dated May 20, 2020 (see Gargiulo v Gargiulo, 183 AD3d 803), reduced the defendant's credit to "50% of the payments he made pursuant to the pendente lite order for the mortgage and carrying charges on the marital residence" (id. at 804). No other alteration to this portion of the credit as originally awarded by the Supreme Court was made (see Sayre v People, 128 NY 622, 622; Stassa v Stassa, 155 AD3d at 665).
Accordingly, we remit the matter to the Supreme Court, Suffolk County, for further proceedings consistent with this Court's decision and order dated May 20, 2020 (see Gargiulo v Gargiulo, 183 AD3d 803).
CONNOLLY, J.P., CHRISTOPHER, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court